Argued and submitted May 8,
CA 19690 dismissed; CA 19892 affirmed November 23, 1981

MERRILL et al,
*Petitioners,*

*v.*

VAN VOLKINBURG et al,
*Respondents.*

(LUBA No. 80-009, CA 19690)

MARION COUNTY,
*Petitioner,*

*v.*

VAN VOLKINBURG et al,
*Respondents.*

(LUBA No. 80-009, CA 19892)
(Cases Consolidated)

636 P2d 466

Douglas Fowler, Portland, argued the cause for petitioners. With him on the brief was Diane W. Spies, Portland.

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

In two cases consolidated for appeal, petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA) and assign error to denial of their challenge to the standing of respondents.

■    Petitioners Max Merrill and Boatwright Engineering, Inc., were dismissed by stipulation as parties in the LUBA proceeding. Hence, they were not parties entitled to seek judicial review under the provisions of Oregon Laws 1979, chapter 772, section 6a(1) and (2). Case CA 19690 is, therefore, dismissed.

The sole issue presented in case number 19892 is whether the facts found by LUBA are sufficient as a matter of law to support the determination that respondents had standing before LUBA, under Oregon Laws 1979, chapter 772, section 4(3)(b),[1] to contest Marion County's conceptual approval of a rural subdivision development. Merrill and Boatwright Engineering, Inc., planned a subdivision ("Country View Estates"), calling for division of 235 acres into 11 parcels: a 97-acre farm and ten smaller rural homesites. The subdivision was opposed at the county hearings by respondent neighbors, who resided on a hillside facing the development. After the county affirmed the conceptual approval granted by the planning commission, respondents petitioned for review by LUBA. Petitioners filed an "Objection of Insufficient Standing and Motion for Evidentiary Hearing," and LUBA held three days of hearings on the subject of respondents' standing.

In its order of October 20, 1979, upholding respondents' standing, LUBA found that respondents could see at least three of the proposed lots from their properties and

---

[1] Oregon Laws 1979, chapter 772, section 4(3), provides:

"Any person who has filed a notice of intent to appeal as provided in subsection (4) of this section may petition the board for review of a quasijudicial land use decision if the person:

"(a) Appeared before the city, county or special district governing body or state agency orally or in writing; and

"(b) Was a person entitled as of right to notice and hearing prior to the decision to be reviewed or was a person whose interests are adversely affected or who was aggrieved by the decision."

would be able to hear noise from everyday human activity on the proposed subdivision. LUBA found a strong likelihood that the development as proposed would alter the scenic value of the land. LUBA also found that the development would increase by one-third the traffic on a road of substandard width that abutted respondents' property, resulting in an increase of danger in respondents' use of the road for walking and bike riding. We are bound by those findings of fact supported by substantial evidence. Or Laws 1979, ch 772, § 6a(7).

■ LUBA's findings are sufficient to establish that respondents are persons "whose interests are adversely affected or who * * * [are] aggrieved by the decision." Or Laws 1979, ch 772, §4(3)(b), n 1, *supra. See also, 1000 Friends v. Mult. County,* 39 Or App 917, 926, 593 P2d 1171 (1978) (change in character and use of neighboring land, including scenic value, is enough to grant standing under "substantially affected" test, former ORS 197.300(1)(d) (1977)); *Duddles v. City Council of West Linn,* 21 Or App 310, 328, 535 P2d 583, *rev den* (1975) (property owner in reasonably close proximity, such as within sight or sound of proposed use of land, should ordinarily have standing to challenge land use decision in writ of review proceeding); *compare Clark v. Dagg,* 38 Or App 71, 78, 588 P2d 1298, *rev den* 286 Or 637 (1979) (reasonably close proximity not shown in writ of review case, where proposed development was 1-3/4 miles away, separated by a major highway, with an insignificant increase in traffic).

CA number 19690 is dismissed; CA number 19892 is affirmed.

---

[2] Oregon Laws 1979, chapter 772, section 6a(7), provides:

"Review of an order issued under sections 4 to 6 of this 1979 Act shall be confined to the record, the court shall not substitute its judgment for that of the board [LUBA] as to any issue of fact."