Argued and submitted September 13, 1982, resubmitted in banc February 9, reversed and remanded with instructions February 16, 1983

OVERTON et al,
*Petitioners,*

*v.*

BENTON COUNTY,
*Respondent.*

(LUBA No. 81-104; CA A24719)

658 P2d 574

Richard P. Benner, Portland, argued the cause and filed the brief for petitioners.

Richard T. Ligon, Benton County Counsel, Corvallis, argued the cause and filed the brief for respondent.

GILLETTE, J.

## GILLETTE, P. J.

Petitioners appeal an order of the Land Use Board of Appeals (LUBA) rejecting their contention that the "standing" provisions of certain amendments to the Benton County zoning ordinance are contrary to ORS 215.422(1), ORS 215.422(2), Article I, Sections 10 and 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment. We reverse.

The ordinance in question, Benton County Ordinance 22Y, provides, in relevant part:

"For purposes of this Ordinance, the affected Citizen's Advisory Committee or any individual or organization that testified at the Planning Commission's public hearing or which, prior to the hearing, submitted written testimony regarding the matter to the Planning Department or Planning Commission; and who lives, owns, leases or possesses a contractual interest or, in the case of an organization, has a member who lives, owns, leases, or possesses a contractual interest in property within 300 feet of the property involved (or within 1500 feet if the property is zoned EFU, EFU-HA, FC-20, OR FC-40) exclusive of a Planning Commission member; may appeal a Planning Commission decision [to the Board of Commissioners].

"If an appeal is not filed within the period specified above, the decision of the Planning Official or Planning Commission shall be final.

"The Planning Commission may determine upon its own initiative to review a decision of the Planning Official and the County Board may determine upon its own initiative to review a decision of the Commission pursuant to this Ordinance within fourteen (14) days of the decision. Written notice of review shall be given as for any other public hearing matter considered by the Board or Commission. For purposes of review by the Board of Commissioners on its own initiative of decisions by the Planning Commission pursuant to Section XXIII.03 of the Benton County Zoning Ordinance:

"1. An individual, or an organization with a member, who lives, owns, leases or possesses a contractual interest in land located beyond 1,500 feet in an EFU, EFU-HA, FC, OR MPA (when adopted) zone, and beyond 300 feet in all other zones, who believes that he/she is aggrieved by the Planning Commission decision, may submit a written

statement to the Board of Commissioners, within five (5) days of the decision, indicating the following:

"a. The nature of the individual's interest in his/her real property.

"b. Description of how he/she is aggrieved by the Planning Commission decision because of:

"(1) Physical, personal injury; or

"(2) Demonstrable economic injury to real property.

"c. The description noted in 'b' above must indicate that the aggrievement is direct, substantial and adverse, and is not merely speculative and/or remote."

The pertinent statutes, ORS 215.422(1) and (2), provide:

"(1)(a) A party aggrieved by the action of a hearings officer may appeal the action to the planning commission or county governing body, or both, however the governing body prescribes. The appellate authority on its own motion may review the action. The procedure and type of hearing for such an appeal or review shall be prescribed by the governing body.

"(b) Notwithstanding paragraph (a) of this subsection, the governing body may provide that the decision of a hearings officer is the final determination of the county.

"(2) A party aggrieved by the final determination may have the determination reviewed in the manner provided in sections 4 to 6, chapter 772, Oregon Laws 1979, as amended by sections 35 to 36a, chapter 748, Oregon Laws 1981."

Petitioners argue that the ordinance is inconsistent with ORS 215.422(1), because the standing criteria the ordinance establishes for appeals to the board of county commissioners (board) are more restrictive than the statutory standard. They further contend that that inconsistency has the effect of preventing some persons "aggrieved" by county decisions from appealing to LUBA because, absent board action to enable inferior county bodies to make "final determinations," a county decision cannot be "final" or appealable to LUBA under ORS 215.422(2) unless it is made by the board.

In broad outline, LUBA concluded that ORS 215.422(1) does not require counties to make board review

of inferior county bodies' actions available and that the actions of the inferior bodies can be "final" for purposes of LUBA review if an appeal to the board is not provided. Petitioners respond that LUBA's conclusion, while correct in the abstract as an interpretation of ORS 215.422(1), is not correct as applied to the circumstances here. The county appears to agree with petitioners that LUBA's reasoning does not supply a basis for affirming its order. The county argues, however, that the ordinance's standards for standing to appeal to the board are consistent with ORS 215.422(1).

The crux of petitioners' and the county's disagreement is that the county regards its ordinance provisions as particularizing "[t]he * * * standard for determining standing * * * contained in the state statute," while petitioners view the ordinance as narrowing rather than implementing that standard. We agree with petitioners.

■ ORS 215.422(1) grants permission to the local governing body to set up an orderly review procedure; it is in no sense a grant of authority to eliminate totally the right of certain groups to participate in the review process at all. *See Bryant v. Clackamas County,* 56 or App 442, 643 P2d 649 (1982). In this regard, we adopt a portion of the dissent of LUBA referee Bagg:

> "I believe the allowance for local rules about the conduct of appeals in ORS 215.422 must be read with Oregon Laws 1981, ch 748. A county attempt to alter who may utilize a local appellate structure is not contemplated in the law. The permission given counties in ORS 215.422 to delegate final decision making authority (final in the sense of no further appeal) is a grant for a procedural framework, not an allowance for restrictions on who may exercise appeal rights. It is a person 'aggrieved' who may appeal at the local level (ORS 215.422), and at the state level (Oregon Laws 1981, ch 748). No where does state law give local governments the power to decide who may appeal to what local tribunal based on a local definition of standing that differs from that in state law. My view, therefore, is that where a county creates a right of appeal by ordinance, the ordinance must be consistent with ORS 215.422 and Oregon Laws, ch 748, sec 35.

> "In order to be consistent, the county may not limit appeals to the Board of Commissioners by changing the

meaning of the term 'aggrieved.' If there is to be an appeal, the statute requires all aggrieved persons have access to the appeal." (Footnote omitted.)

■     The question is: are Ordinance 22Y's standing provisions inconsistent with and more narrow than the standing conferred by ORS 215.422(1)? The statute grants standing to anyone aggrieved. The ordinance limits aggrievement, at least for those who live over 300 feet away from the area under consideration by the Board, to those who can show either "Physical, personal injury" or "Demonstrable economic injury to real property." "Aggrievement" is not so narrow a concept. It may encompass non-economic harm to real property, harm to personal property and perhaps much more. *See, e.g., Benton County v. Friends of Benton County,* 294 Or 79, 653 P2d 1249 (1982) (construing analogous statute); *Merrill v. Van Volkinburg,* 54 Or App 873, 636 P2d 466 (1981) (construing analogous statute). By redefining "aggrievement" in a more limited way than is contemplated by the statute, the county has exceeded its statutory authority. *Bryant v. Clackamas County, supra.*

The ordinance in question impermissibly limits the standing of aggrieved parties to challenge local land use decisions. LUBA should say so.

Reversed and remanded with instructions to declare that Benton County Ordinance 22Y is inconsistent with and in derogation of ORS 215.422(1).[1]

---

[1] Our disposition of this case moots petitioners' alternative statutory and constitutional theories for the invalidation of Ordinance 22Y.