Argued and submitted July 2, affirmed September 26, 1984

LYKE et al,
*Petitioners,*

*v.*

LANE COUNTY et al,
*Respondents.*

(LUBA No. 83-121; CA A31804)

688 P2d 411

D. Michael Well, Eugene, argued the cause for petitioners. With him on the brief was Hutchinson, Anderson, Cox & Teising, P.C., Eugene.

No appearance for respondents.

Before Gillette, Presiding Judge, Warren and Young, Judges.

WARREN, J.

## WARREN, J.

Petitioners seek reversal of LUBA's final opinion and order dismissing their appeal. LUBA found that it lacked jurisdiction, because petitioners had failed to exhaust all remedies available by right as required by ORS 197.825(2)(a) before petitioning the Land Use Board for review. We agree and affirm.

Respondent Murillo filed a zone change application on August 29, 1983, to permit light industrial use of his property. A public hearing was held at which petitioners appeared and testified in opposition to the zone change. On November 15, 1983, the Lane County hearings officer issued an opinion granting rezoning of a portion of the property. The decision advised interested parties that the deadline for filing an appeal to the county commission was November 28, 1983, and that the deadline for appeal to LUBA was December 6, 1983. Lane County Code 14.505 provides, in pertinent part:

"(2) Upon Director acceptance of such an appeal, the Board may elect to hear or not to hear the appeal, and shall follow LC 14.600 below in deciding whether or not to hear the appeal. Appeals heard by the Board shall be reviewed according to LC 14.400 above.

"(3) An appeal to the Board shall not be a jurisdictional requirement for any judicial or agency review of a decision by the Hearings Official."

Petitioners did not appeal to the county commission, but instead filed a notice of intent to appeal to LUBA on December 6, 1983.

After the parties filed briefs with LUBA on the merits and had oral argument, LUBA raised *sua sponte* the issue of its jurisdiction under ORS 197.825(2)(a), which provides:

"The jurisdiction of the board:

"(a) is limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review;"

After the parties filed supplemental briefs on jurisdiction, LUBA issued its final opinion and order. It found that an appeal from the hearings officer's decision to the Lane County Board of Commissioners was "available by right." Because

petitioners had failed to exhaust that remedy, LUBA concluded that it lacked jurisdiction under ORS 197.825(2)(a).

■      As a general rule, the exhaustion requirement is only applicable when there is an available procedure which, if pursued successfully, would accomplish the petitioner's desired result. When such a remedy exists, a petitioner is required to take advantage of it. *Fifth Avenue Corp. v. Washington Co.,* 282 Or 591, 618, 581 P2d 50 (1978). Petitioners contend that, under the Lane County Code, appeal of a zoning decision to the county's governing body is not "available by right," but is a discretionary remedy, because the county may elect not to entertain the appeal.

■      In *Fish and Wildlife Department v. LCDC,* 288 Or 203, 210, 603 P2d 1371 (1979), the Supreme Court stated:

> "An agency has the powers conferred upon it by statute. Hypothetically, the legislature could instruct LCDC to review local subdivision decisions only if all the local remedies had been vigorously pursued. This course would minimize post-hoc intrusion into local land use planning. * * *"

In 1983, the legislature did just that, expressly conditioning LUBA's jurisdiction over an appeal on the exhaustion of all remedies available by right at the local level. ORS 197.825(2)(a). Intervention by the state is authorized only after every opportunity provided at the local level for addressing land use disputes has been pursued, evidencing the legislative intent that land use decisions be resolved locally whenever possible. Under the Lane County Code provisions, the county commission is not obligated to accept every appeal filed, but the right to petition for review is available, generally to all who oppose the decision, subject only to the ten-day time limitation for filing the appeal. The code obligates the commissioners to respond to every appeal request within 14 days of the expiration of the appeal period from the hearings officer's decision, whether or not the Board of Commissioners elects to accept the appeal. If the local body declines review, LUBA has jurisdiction. We conclude that the Lane County ordinance provides the type of local review mechanism the legislature intends petitioners to exhaust before invoking state agency jurisdiction.

■      Petitioners also assert that they may appeal directly

to LUBA from the hearings officer's decision, because Lane County Code 14.505(3) provides:

"An appeal to the Board shall not be a jurisdictional requirement for any judicial or agency review of a decision by the Hearings Official."

This section of the code does authorize a direct appeal to LUBA from the hearings officer's decision in avoidance of the local remedy provided. To the extent that the Lane County ordinance provides for a local appeal right, but attempts to permit a petitioner to elect whether or not to use it, it is in direct conflict with ORS 197.825(2)(a), which requires that, when a local procedure to obtain review is available, it must be exhausted. The ordinance must give way to the statutory mandate. *Overton v. Benton County,* 61 Or App 667, 658 P2d 574 (1983).

■    Petitioners claim that the interpretation of ORS 197.825(2)(a) adopted by LUBA and this court limits local governmental authority to establish local procedures. Petitioners concede that the intent of the legislature in enacting ORS 197.825(2)(a) was to maintain traditional exhaustion requirements in order to prevent petitioners from circumventing local procedures but claims that the exhaustion requirement should only be applied when a county *requires* a procedure to be used. We fail to see petitioners' point. The exhaustion requirement, as interpreted, requires that petitioners use all available local remedies before invoking state jurisdiction, furthering the legislative goal of resolving land use issues at the local level whenever possible. The critical issue is not whether a procedure is *required* by the county or whether the county must accept review, but whether there is a procedure available to ask for local review and the right to ask is unconditionally granted.

■    This interpretation of the statute is consistent with the policies behind the exhaustion requirement or the purpose of streamlining the land use appeal process.[1] We quote from LUBA's opinion:

---

[1] Petitioners argued to LUBA that the local remedy should fall within a futility exception. LUBA found that, even if such an exception should be read into ORS 197.825(2)(a), it would not apply in this case. Petitioners did not make this point on appeal, and we do not address the issue.

"* * * The county code provides a clear-cut, time-limited procedure for the determination of whether an appeal will be reviewed by the county commission. Circumvention of that procedure by direct appeal to this Board avoids a delay of a few weeks at most. Importantly, however, the small saving of time comes at the expense of a critical feature of the state's land use program - the direct participation of local elected officials in matters of local concern. [Footnote omitted.]

"Moreover, our decision is thoroughly consistent with the purposes underlying the exhaustion doctrine. * * * First, by requiring a petitioner to pursue an available local remedy, we permit the county decisionmaking process to run its course without interruption. Second, we make it possible for the governing body, which is the legislative source of the ordinances initially applied by the hearings officer, to clarify and determine factual and policy issues presented by land use controversies. Third, we open the door to the increased possibility of compromise and the avoidance of land use litigation. Finally, by our approach under ORS 197.825(2)(a), we promote the opportunity for development of a more complete, well-organized record."

Affirmed.