Argued and submitted August 3, affirmed October 24, reconsideration denied December 7, 1984, petition for review allowed January 8, 1985 (298 Or 470)
See 299 Or 325, 702 P2d 1065 (1985)

## COLUMBIA RIVER TELEVISION,
*Petitioner,*

*v.*

## MULTNOMAH COUNTY et al,
*Respondents.*

(84-016; CA A32193)

689 P2d 1014

Susan M. Hammer, Portland, argued the cause for petitioner. On the brief were Mark R. Feichtinger, David G. Ellis, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Peter Kasting, Assistant County Counsel, Portland, waived appearance for respondent Multnomah County.

Stephen T. Janik, Portland, argued the cause for respondent Greater Portland Broadcasting Corp. With him on the brief was Susan M. Quick, and Ball, Janik & Novack, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

### WARREN, J.

Petitioner seeks review of an order of the Land Use Board of Appeals (LUBA) which dismissed its petition for review of a land use decision made by the Multnomah County Board of Commissioners (Board). LUBA decided that petitioner's notice of intent to appeal was not timely filed. We affirm that decision.

Respondent Greater Portland Broadcasting Corp. applied to the Multnomah County Planning Commission for a community service designation for a parcel of property on which it desired to construct a television transmission tower. The planning commission's approval of this designation was appealed to the Board. The Board approved the designation at a meeting on February 14, 1984, and the order approving the designation was signed by a commissioner after the meeting and delivered to the clerk of the Board on the same day.

Petitioner filed a notice of intent to appeal the Board's decision to LUBA on March 9, 1984. ORS 197.830(7) provides:

> "A notice of intent to appeal a land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed becomes final."

LUBA has promulgated a rule, OAR 661-10-010(3), which defines "final decision or determination" as "a decision or determination which has been reduced to writing and which bears the necessary signatures of the governing body."[1] Applying the statute and the rule to the facts of this case, LUBA concluded that the Board issued a final decision on February 14, 1984, and that the time in which to file a notice of intent to appeal expired on March 6, 1984. Under this analysis, petitioner's notice of intent to appeal, filed March 9, 1984, was not timely filed.

Petitioner's first assignment of error relies on Multnomah County Code (MCC) 11.15.8280(D), which specifies when, for some purposes, a decision of the Board is deemed final. MCC 11.15.8280(D) states:

> "The Board's decision shall be final at the close of business

---

[1] The authority of LUBA to make this rule is not challenged. *See McPherson v. Employment Division*, 285 Or 541, 591 P2d 1381 (1979).

on the tenth day after the decision, findings of fact and conclusions have been filed under subsection (C) above, unless the Board on its own motion grants a rehearing under MCC .8285(A)."

Petitioner claims that, pursuant to this provision, the Board's decision was not final for the purpose of applying ORS 197.830(7) until February 24, 1984, and that its notice of intent to appeal was timely filed. Its argument is that OAR 661-10-010(3), in defining "final decision," "merely provides information regarding LUBA's subject matter jurisdiction," without effectively prescribing the date of finality of an appealable order. In the absence of a statute or LUBA rule defining the date of finality, the argument goes, local governmental bodies may determine that for themselves.

We think that OAR 661-10-010(3) effectively establishes that a final decision exists, for the purpose of measuring the time to appeal to LUBA, as of the date when an order is reduced to writing and signed by an appropriate officer. Because LUBA has acted to define finality, as the term is used in ORS 197.830(7), this definition must preempt any local attempt to define finality differently, contrary to the dissent's opposite conclusion. (Dissent at 1.) Although MCC 11.15.8280(D) may provide ten days after a decision is filed with the clerk of the Board during which the Board may reconsider its decision, this provision cannot expand the 21-day period for filing an appeal with LUBA.

ORS 197.805 states that "[i]t is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use * * *." The 21-day period for filing a notice of intent to appeal a land use decision implements this policy. It would thwart the intent of the legislature to allow local rules which variously define finality to provide additional time in which to file a notice of intent to appeal. A local body cannot alter LUBA's jurisdiction by the enactment of ordinances which purport to expand or limit LUBA's authority. *See Lyke v. Lane County,* 70 Or App 82, 688 P2d 411 (1984).

The legislative scheme which establishes LUBA contemplates statewide uniformity in its operation. OAR 661-10-010(3) provides this uniformity by requiring a notice of intent to appeal to be filed within 21 days of when an order is reduced

to writing and signed. This simple rule gives clear guidance to persons wishing to appeal land use decisions.

■■ Petitioner states that on February 21, 1984, during the appeal period, the clerk of the Board mistakenly informed petitioner's attorney that the order was "filed" with her on February 17, 1984. In its second assignment of error, petitioner claims that its reliance on the clerk's misstatement entitles it to measure the 21-day appeal period from February 17, 1984, which would make its March 9, 1984, filing of the notice of intent to appeal timely. LUBA found that the clerk told petitioner's attorney during the appeal period that the order was signed on February 17, 1984. LUBA ruled that the clerk's misrepresentation is not binding on LUBA and cannot affect the statutory period of appeal. We agree with LUBA's decision on this issue.

The record of the case before LUBA unequivocally establishes, and LUBA found, that a copy of the signed order was available for public inspection on the afternoon of February 14, 1984. Under these facts, petitioner's failure to file its notice of intent to appeal timely is not excused by its reliance on the clerk's misstatement. *Far West Landscaping v. Modern Merchandising,* 287 Or 653, 601 P2d 1237 (1979).

Affirmed.

**BUTTLER, P. J.,** dissenting.

The order sought to be reviewed by LUBA fulfilled the requirements of LUBA's definitional rule, OAR 661-10-010(3), and had *become* final, ORS 197.830(7), by the terms of the Multnomah County ordinance governing that local body's orders. Therefore, petitioner's notice of intent to appeal was timely and LUBA erred in ruling that it was not. Accordingly, I dissent.

I do not agree that LUBA's rule prescribes *when* a decision *becomes* final, ORS 197.830(7), thereby triggering the commencement of the 21-day period within which LUBA review must be sought. Even if that rule purports to do so, I do not believe LUBA has that authority or the authority to override a local body's clear, unambiguous and reasonable ordinance that states precisely when its orders become final.

ORS 197.830(7), so far as relevant, provides:

"A notice of intent to appeal a land use decision shall be filed not later than 21 days after the date the decision sought to be reviewed *becomes* final." (Emphasis supplied.)

Multnomah County has enacted an ordinance, MCC 11.15.8280, subsections (C) and (D) of which provide precisely when a Board order *becomes* final. Those subsections provide:

"(C)   Written findings of fact and conclusions, based upon the record, shall be signed by the Presiding Officer of the Board and filed with the Clerk of the Board with a decision within five business days following announcement of the decision under subsection (B) above.

"(D)   The Board's decision shall be final at the close of business on the tenth day after the decision, findings of fact and conclusions have been filed under subsection (C) above, unless the Board on its own motion grants a rehearing under MCC .8285(A)."

It is clear that, under the ordinance, a decision does not become final until ten days after the decision, including findings and conclusions, has been signed by the presiding officer of the Board and filed with the clerk. It is equally clear that, during the ten-day period, the decision may be modified or withdrawn by the Board, because it has not *become* final.

LUBA held that the county may not provide when its decision becomes final, because of OAR 661-10-010(3), adopted by LUBA as a definition of terms used in succeeding parts of OAR chapter 661. It provides:

" 'Final decision or determination' means a decision or determination which has been reduced to writing and which bears the necessary signatures of the governing body."

As I read the definition, it describes what characteristics a local decision must have before it may be considered final and subject to review. As so read, the rule clarifies a subject that has been very confusing in the past—whether oral decisions announced by the Board at the conclusion of a hearing, or letter decisions directed to the parties following a hearing, or written decisions signed by a majority, but not all, commissioners, are "final" and reviewable orders. LUBA's definition clarifies and resolves those ambiguous situations. It does not purport to deal with any filing or notice requirement; accordingly, if it were intended to define the date on which the period within which review must be sought commences, it is

incomplete, leaving the ambiguity that has prevailed when a signed written decision is deposited somewhere in the bureaucratic machinery that is not clearly prescribed by ordinance, and the parties are not notified.

In my view, the rule in question does not, on its face, purport to prescribe when a local order *becomes* final. All that it purports to do is to provide a definition prescribing minimum characteristics that a decision must have before it may be considered to have become final for purposes of review. Although LUBA has authority to do that, its attempt here to extend that definition by interpretation (with substantial gloss) to prescribe a jurisdictional fact exceeds its authority. *See McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979). Even if the definition specifically stated what LUBA has read into it, I think it would exceed LUBA's limited authority to "adopt rules governing the conduct of review proceedings before it * * *." ORS 197.820(4). The time from which the appeal period starts to run is specifically provided by ORS 197.830(7). That period commences on the date "the decision sought to be reviewed *becomes* final." Here, the county has adopted an ordinance that provides when the Board's decisions become final. LUBA gave some effect to the ordinance by holding that the decision became final when it was *filed* pursuant to subsection (C) of the ordinance, although LUBA's rule does not require any filing or notice of the decision.

However, LUBA reasoned that if the ten-day period provided in the ordinance were permitted to stand, the county would be extending the period within which LUBA review may be sought. That is *post hoc ergo propter hoc* reasoning: the conclusion is correct only if the decision had *become* final when it was filed, and under the ordinance it had not. Even accepting LUBA's reasoning, however, the county could accomplish the same result (and stay within the precise language of LUBA's rule) by providing that the written decision shall not be signed until ten days after it is filed, at which time it becomes final.

The majority states that a local body may not alter LUBA's jurisdiction by the enactment of ordinances that purport to expand or limit LUBA's authority, citing *Lyke v. Lane County,* 70 Or App 82, 688 P2d 411 (1984), (70 Or at 451).

Although that proposition is valid, it has no application here. It is equally valid to say that LUBA may not, by rule, expand or limit its jurisdiction. In *Lyke,* we held that the petitioner was obligated to seek Board review of a hearing officer's order, because a county ordinance permitted such review, albeit discretionary—in other words the petitioner had to exhaust his local remedies before the order would become final and subject to review. On the other hand, we also held that the ordinance that authorized agency review without a Board appeal was invalid, because it violated ORS 197.825(2)(a), which requires a petitioner to exhaust a local remedy available by right. To the extent that *Lyke* has any relevance here, it holds that a county may postpone LUBA review of an otherwise final order by permitting discretionary Board review.

In my opinion, petitioner's notice of intent to appeal was timely. I would reverse, and, therefore, dissent.