Argued and submitted October 21, 1985, reversed and remanded January 15, 1986

PORTLAND AUDUBON SOCIETY et al,
*Petitioners,*

*v.*

CLACKAMAS COUNTY et al,
*Respondents.*

(LUBA No. 85-032; CA A37151)

712 P2d 839

Mark J. Greenfield, Portland, argued the cause for petitioners.

Edward I. Engel, Portland, argued the cause for respondents Seller, Peters and Marshall. With him on the brief were Robert A. Russell and Goldsmith, Siegel, Engel & Littlefield, Portland. No appearance for respondent Clackamas County.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioners seek review of a LUBA decision which dismissed their petition for review of a Clackamas County land use decision. LUBA decided that petitioners were required to request a rehearing of the county decision before LUBA had jurisdiction. We reverse and remand.

ORS 197.825(2)(a) provides that LUBA's jurisdiction:

"[i]s limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review * * *."

In *Lyke v. Lane Co.*, 70 Or App 82, 688 P2d 411 (1984), we held that a person opposing a land use decision made by a county hearings officer could not seek review directly from LUBA when the relevant ordinance provided an opportunity to appeal to the county commission. The fact that the commission had discretion to hear the appeal did not affect our decision. We said:

"The exhaustion requirement, as interpreted, requires that petitioners use all available local remedies before invoking state jurisdiction, furthering the legislative goal of resolving land use issues at the local level whenever possible. The critical issue is not whether a procedure is *required* by the county or whether the county must accept review, but whether there is a procedure available to ask for local review and the right to ask is unconditionally granted." 70 Or App at 86. (Emphasis in original.)

The relevant Clackamas County ordinance provides:

"A.　The Board of County Commissioners may rehear a matter before it either on its own motion or upon a petition for rehearing submitted within ten (10) days of its action by an aggreived [*sic*] party in the manner provided for by subsection 1304.04 for notices of review, provided, however, that no fee need accompany such petition.

"B.　However, no petition or motion for a rehearing shall be granted unless a majority of the Board of County Commissioners consent.

"C.　If rehearing be granted, the application shall be heard as a new review except that all testimony and evidence theretofore received shall be included in the record.

"D.　No action shall be reheard more than once.

"E. The Board of County Commissioners shall act upon the request within sixty (60) days of receipt thereof, unless such time limitation be extended with the consent of the parties. If no action is taken within sixty (60) days without such consent, the decision of the Board of County Commissioners is deemed final."

LUBA held that the situation under this ordinance is the same as that in *Lyke*: That is, there is a discretionary rehearing procedure available at the county level that could resolve the case in petitioner's favor, and petitioner failed to take advantage of that procedure. We disagree. There is a fundamental difference between *Lyke* and this case: In the present case the discretionary procedure would not bring a new decision-maker into the review process. Because of that difference, the legislature did not intend the *Lyke* rule to apply to this case.

■    The statutory requirement that petitioner exhaust "all remedies available by right" before seeking LUBA review is inherently ambiguous. Among the possible meanings are "all remedies for which there is a right to ask," "all remedies for which there is a right to a decision on the merits," and "all remedies from a higher decision-making level for which there is a right to ask." In *Lyke*, we rejected the second meaning but did not decide between the other two. The legislative history, in conjunction with other legal principles, suggests that the last construction is correct.

The exhaustion requirement of ORS 197.825(2)(a) was first considered during the 1983 legislative session. At a House Energy and Environment Committee hearing on April 19, 1983, Fred Neal of the League of Oregon Cities expressed his organization's concern that other legislative revisions under consideration might allow a petitioner to avoid the local decision-making process and seek immediate LUBA review. Neal proposed that exhaustion be required to ensure that a petitioner could not seek LUBA review until the local government had a full opportunity to consider the issue. He suggested that the committee reach this result by requiring a petitioner to seek all local governmental decisions which were provided by right before resorting to LUBA. The committee accepted Neal's proposal.

The primary reason why the legislature accepted the exhaustion requirement was to ensure that the responsible

local bodies make the decision. Participation of local officials in matters of local concern is crucial to Oregon's land use process. *See Lyke v. Lane Co., supra,* 70 Or App at 87. That is the reason why we required the petitioner in *Lyke* to seek discretionary review from the county commission, even though the commission had attempted by its ordinance to allow him to bypass such review. The legislature placed final local land use decisions in the hands of local officials. Those officials cannot place the decision whether they will even have an opportunity to consider a particular case in the hands of a private party. The petitioner in *Lyke* was required to present his case to all levels of the local governmental structure that were available to him before he could seek review by LUBA.

To require a petitioner to go once to the highest local decision-maker achieves the state policy of involving the responsible local officials in the decision. It is quite different from requiring the petitioner to make a second or third trip to the same governmental body after losing there the first time. There is no suggestion in the legislative history that those involved in the adoption of ORS 197.825(2)(a) even considered the possibility of requiring a petitioner to seek a rehearing of an adverse decision.[1]

■　Oregon law generally does not require a losing party to ask for a rehearing before seeking a higher level of review. A party to a legal action need not move for a new trial before appealing an adverse judgment. ORS 183.480(1), which governs judicial review of state agency action, provides that a "petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule."

■　A request for a rehearing by the same body that made the challenged decision is different from a request for review of that decision by a superior body. Review moves the case to a higher authority and closer to an ultimate decision; rehearing keeps the case with the body which has already considered it. In the absence of clear legislative intent otherwise, we see no basis in the legislative policy, other Oregon law or the efficient

---

[1] As LUBA's opinion in this case shows, a requirement that a person seek rehearing can become complex and technical because of the wide variety of rehearing procedures which local governments can establish. Such complexity serves no apparent legislative purpose.

administration of the land use process to require a person to seek a rehearing before moving to a higher authority. A discretionary rehearing is not one of the "remedies available by right" which the legislature required petitioner to exhaust before seeking LUBA review of the county's action.

Reversed and remanded.[2]

---

[2] We express no opinion on the effect of a request for local government rehearing on the time within which a party must seek LUBA review.