Argued and submitted August 15, reversed and remanded with instructions; otherwise affirmed October 19, reconsideration denied December 9, 1988, petition for review allowed January 31, 1989 (307 Or 340)
See later issue Oregon Reports

SMITH,
*Petitioner,*

*v.*

DOUGLAS COUNTY,
*Respondent,*

*and*

WEDDLE et al,
*Intervenors-Respondents below.*

(88-016; CA A48949)

763 P2d 169

Allen L. Johnson, Eugene, argued the cause for petitioner. On the brief were Bill Kloos, and Johnson & Kloos, Eugene.

Paul Nolte, County Counsel, Roseburg, argued the cause and filed the brief for respondent Douglas County.

No appearance for other respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of a LUBA decision remanding to the Douglas County Board of Commissioners (Board) their order denying petitioner a conditional use permit. Petitioner contends that LUBA should have reversed the decision and directed the Board to approve the permit. He also contends that LUBA erred in holding that, on remand, the Board could consider six other issues raised in the initial notice of review before the Board, but not decided in its denial of the permit. We reverse in part and affirm in part.

Petitioner seeks a conditional use permit to allow an existing rural residence to be used as a church. The Douglas County Planning Commission (Commission) voted to approve the conditional use permit.[1] That decision was appealed to the Board by nine neighbors. In their notice of review to the Board, they alleged seven errors. However, the Board considered only one of them, which involved the Commission's refusal to admit evidence concerning petitioner's personal, financial and religious background. The Board concluded that the Commission did not err.

In its review of the Commission's decision, the Board also considered an issue which was not assigned as error in the notice of review to the Board: whether the requested use was compatible with surrounding uses pursuant to the standards defined in the Douglas County Land Use and Development Ordinance (LUDO). The pertinent provision of LUDO states:

"[T]he proposed use is or may be made compatible with existing adjacent permitted uses and other uses permitted in the underlying zone." § 3.39.050(1).

The Board concluded that petitioner had not met his burden of showing that the proposed use would be compatible with adjacent uses and other uses permitted in the underlying zone and reversed the Commission's decision approving the permit.

Petitioner appealed the Board's decision to LUBA. LUBA held that the Board's consideration of the compatibility issue violated LUDO § 2.700(2), which limits Board review to issues identified in the notice of review, and that its

---

[1] An initial vote by the Commission resulted in a tie, and the permit was denied. That denial was appealed and, on remand from the Board, the permit was approved.

denial of the permit based on the compatibility issue was not supported by substantial evidence. LUBA also held, however, that the Board's error in addressing the compatibility issue was a procedural error, rather than a substantive error, and that, therefore, on remand, the Board could consider the compatibility issue if adequate notice were provided to the parties. Additionally, LUBA held that the Board could consider the other six allegations of error in the opponents' notice of review which the Board did not initially address.

Petitioner assigns as error LUBA's holding that the Board's violation of its scope of review pursuant to LUDO § 2.700(2) was a procedural, not a substantive error, and that, therefore, LUBA could consider the issue on remand. The pertinent provision of the county's ordinances provides:

> "Review by the Board shall be a *de novo* review of the record *limited to the grounds relied upon in the notice of review* * * * if the review is initiated by such notice." LUDO § 2.700(2). (Emphasis supplied.)[2]

The issue of compatibility was not raised by the opponents in their notice of review to the Board. Therefore, we conclude, as did LUBA, that the Board violated the ordinance and exceeded its scope of review in considering the compatibility issue. Although the Board, in enacting the ordinances, could have reserved to itself the authority to consider issues beyond those identified in a notice of review, it did not do so.[3]

We hold, however, that LUBA erred in concluding that the error was procedural rather than substantive. LUBA characterized the Board's action as a failure to follow adopted appeal procedures and, as such, held that it was a procedural

---

[2] This case does not involve an issue which the reviewing body has a duty to review and decide. *See 1000 Friends of Oregon v. Jackson Co.,* 79 Or App 93, 718 P2d 753, *rev den* 301 Or 445 (1986).

[3] The county ordinances do include a provision allowing the Board to initiate review on its own motion. LUDO § 2.500(2) provides, in pertinent part:

> "Review of the decision:

> "a. * * *

> "b. May be made by the Board, pursuant to section 2.700 [*sic*] on its own motion passed within 10 days of the filing of the written decision sought to be reviewed."

However, the Board did not initiate review in this case.

error. The propriety of the Board's action, however, does not concern how the Board exercised its authority but, rather, whether the Board had authority to do what it did. In considering the compatibility issue, the Board exceeded its scope of authority as defined in its ordinance and, consequently, acted inconsistently with its land use regulation. *See* ORS 197.835(3). That is a substantive error. OAR 661-10-071(1)(c) provides that LUBA *"shall* reverse a land use decision" (emphasis supplied) if the decision "violates a provision of applicable law and is prohibited as a matter of law." *See* ORS 197.835(1). The Board's violation of its ordinance required a reversal. LUBA erred in holding that the Board can consider the compatibility issue on remand.

■. Petitioner next contends that LUBA erred in holding that the Board, on remand, can consider the assignments of error alleged in the opponent's notice of review which were not addressed by the Board in its order denying the permit. Petitioner argues that the Board's failure to act must be considered a denial of the allegations and that, because the denials were not raised by the opponents before LUBA, the right to appeal the issues was waived, and they cannot be considered on remand.[4] We disagree.

■ The Board expressly stated that it was addressing only one of the opponents' seven grounds of appeal.[5] Although, as petitioner suggests, there may be sound policy reasons for requiring a local governing body to address all the issues raised in an appeal of a land use decision, there is no authority that *requires* the Board to do so. In addition, there is no authority for the proposition that the Board's failure to consider allegations of error must be considered a denial of

---

[4] Petitioner also contends that, because the Board's decision on the compatibility issue requires reversal and not remand, there is no mechanism for the additional issues to come before the Board again. Petitioner argues that, because the Board cannot consider the compatibility issue, and because the other issues were not appealed, there is no basis to remand the case from this court to the Board. Petitioner's contention is incorrect. The Board denied petitioner's permit based on compatibility. As discussed in the opinion, this denial was erroneous. Accordingly, petitioner's permit is still pending before the Board and the allegations of error it did not previously address remain pending.

[5] The Board's decision states:

"In this appeal the appellants filed a single Notice of Review and stated [seven] grounds for the appeal. Only one ground is addressed in this order as it is dispositive of the matter before us."

those allegations. The opponents did not waive their right to appeal on the additional issues because the Board did not dispose of those issues and, therefore, there was nothing to appeal. LUBA did not err in holding that the additional assignments of error could be addressed on remand.[6]

■    Petitioner next contends that ORS 197.835(9) requires a reversal in this case and that LUBA erred in not so holding. ORS 197.835(9) provides, in part:

> "The board shall reverse a local government decision and order the local government to grant approval of an application for development denied by the local government if the board finds, based on the evidence in the record, that the local government decision is outside the range of discretion allowed the local government under its comprehensive plan and implementing ordinances."

ORS 197.835(9) is only applicable if the record establishes that, as a matter of law, an application must be approved. In this case, although the Board erred as a matter of law in its consideration of the compatibility issue, the record did not establish that the Board was required to grant petitioner the conditional use permit. As previously discussed, additional issues raised by the opponents of the permit have yet to be addressed by the Board.

Petitioner's request for attorney fees pursuant to ORS 197.835(9) is denied.

Reversed and remanded with instructions to reverse the county's decision on the compatibility issue; otherwise affirmed.

---

[6] Petitioner also contends that permitting the Board to consider the six issues on remand conflicts with the land use statutory scheme, which affords petitioner a substantive right to expedited review and, as such, violates petitioner's right to due process. We do not agree. Although the land use statutes include numerous procedures to expedite review of decisions, none of them gives petitioner any substantive protection against a remand of a decision.