Argued and submitted April 4, the decision of the Court of Appeals affirmed
August 1, 1989

SMITH,
*Petitioner on Review,*

*v.*

DOUGLAS COUNTY,
*Respondent on Review,*

*and*

WEDDLE et al,
*Intervenors/Respondents below.*

(88-016; CA A48949; SC S35737)

777 P2d 1377

Allen L. Johnson, Eugene, argued the cause for petitioner on review. On the petition were Bill Kloos and Johnson & Kloos, Eugene.

Paul G. Nolte, County Counsel, Roseburg, argued the cause for respondent on review Douglas County.

No appearance for intervenors/respondents below.

LINDE, J.

## LINDE, J.

The question in dispute concerns the disposition by the Land Use Board of Appeals (LUBA) of undecided issues in a contested land use decision from Douglas County. The Douglas County Planning Commission, upon referral by the county's planning director pursuant to the county's Land Use and Development Ordinance (LUDO), granted Smith's application for a conditional use permit. Neighboring landowners appealed the planning commission's decision to the Douglas County Board of Commissioners, asserting seven errors. The board dealt with one of the alleged errors, deciding it in Smith's favor, but it reversed the commission's grant of the permit on grounds that Smith had not shown the intended use to be compatible with adjacent permitted uses. That objection had not been raised by the opponents.[1]

On Smith's appeal, LUBA held that the county board, not having initiated timely review of this issue on its own motion, failed to follow the provision of the ordinance limiting the board's review to grounds asserted in the opponents' notice of review. LUBA therefore reversed the adverse decision on compatibility, but it remanded the proceeding to

---

[1] The sections of the Douglas County ordinance relevant to the present issue are as set forth below. (Some of the sections have since been renumbered.)

LUDO 2.500.2.b provides that review of the decision:

"May be made by the Board, pursuant to § 2.700 [sic] on its own motion passed within 10 days of the filing of the written decision sought to be reviewed."

LUDO 2.060.4:

"The Planning Commission shall have the authority to review and approve or deny the following matters:

"* * * * *

"f. matters referred to the Commission by the director pursuant to § 2.100.3."

LUDO 2.700:

"* * * * *

"2. Review by the Board shall be a de novo review of the record limited to the grounds relied upon in the notice of review, or cross review, if the review is initiated by such notice."

LUDO 2.700:

"3. The Board may affirm, reverse or modify the decision and may approve or deny the request, or grant approval with conditions necessary to carry out the Comprehensive Plan, subject to the limitations of § 2.120.4.

"a. For all cases, the Board shall make findings and conclusions, and make a decision based on the record before it as justification for its action."

the county board for consideration of the six asserted errors that the board had not decided. The Court of Appeals affirmed LUBA's remand for reconsideration of those issues.[2] *Smith v. Douglas County,* 93 Or App 503, 763 P2d 169 (1988). We affirm the decision of the Court of Appeals.

Petitioner Smith[3] argues, in essence, that LUBA erred in remanding the proceeding to the board because, under LUDO, the planning commission was authorized to and did issue a final order when it granted the conditional use permit, and the opponents failed to appeal to LUBA the six asserted errors that were not decided by the board. Pointing with alarm to the specter of *seriatim* decisions and appeals of multiple objections to a particular land use decision, he claims that the remand of the undecided issues to the county board contravenes the legislative policy of expedited conclusion of land use proceedings. The argument is appealing but ultimately unpersuasive.

Petitioner describes the county board as a "review body" which "is not required by its code to consider all the errors alleged" but may choose what alleged errors it wishes to consider. LUDO 2.700(3)(a) requires the board to make findings and conclusions on the record made before the planning commission, but according to petitioner, "there is no requirement for findings on all errors alleged." LUDO's requirement of findings and conclusions seems to permit a contrary interpretation, but the county does not dispute petitioner's interpretation. LUBA dealt with the question in rejecting an argument that the opponents (intervenors before LUBA) had waived the six undecided objections by not raising them on petitioner's appeal or in a separate appeal to LUBA:

> "Intervenors would waive their right to assert the remaining six allegations of error only if (1) the county board had a legal obligation to decide those issues, (2) it committed appealable error by failing to do so, and (3) petitioners failed to assert those errors in an appeal to LUBA. Petitioner cites no statutory, plan or LUDO provision requiring the county board to

---

[2] The Court of Appeals held that LUBA erred in stating that the county board also could reopen the compatibility issue. Because no one seeks review of that holding, we express no view whether it was correct.

[3] Because under the applicable statutes Smith was the "petitioner" before LUBA, the Court of Appeals, and in this court, we shall so identify him here.

decide the six allegations of error it expressly did not decide. We are aware of no such requirement. Accordingly, we believe the county board may consider the six allegations of error it did not consider in this decision."

Undisputably, the legislative policy calls for expeditious resolution of land use decisions.[4] Petitioner cites ORS 215.428, which requires that "the governing body of a county take final action on an application for a permit * * *, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete."[5] Petitioner's argument is not that the county board did not issue a final order within 120 days, as of course it did when it denied the permit. Rather, he argues that LUBA should have treated the board's denial on one ground as a rejection of all other grounds for denial that were presented by the opponents and by the record, thereby putting the burden on the successful opponents to renew those grounds before LUBA upon the applicant's appeal of the denial. Although the assumption that a board which denies a permit on one of seven possible grounds rejects all other grounds is logically unfounded and, in this case, contrary to the board's express statement, such a rule would let LUBA dispose of all issues presented by the record in a single appeal. However, like LUBA, the Court of Appeals found no legal duty of the county board to decide all of the opponents' objections and no waiver by the opponents of the objections that the board had not decided. 93 Or App at 509 & n 6. We agree.

We need not decide whether, contrary to the court's statement that "there was nothing to appeal," LUBA could have entertained an appeal of those undecided issues or raised them on its own motion, giving the parties time to brief them. *See* ORS 197.805. That might in some cases be a way to

---

[4] ORS 197.805 provides:

"It is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use and that those decisions be made consistently with sound principles governing judicial review. It is the intent of the Legislative Assembly in enacting ORS 197.805 to 197.855 to accomplish these objectives."

[5] ORS 215.422 prescribes certain appeal rights as well as review on the appellate body's own motion, but lets the local governing body prescribe the procedure for appeals. If the board delays a final decision beyond 120 days, ORS 215.428(7) provides a remedy in the circuit court, which possibly can be pursued in case the board engages in the dilatory tactics forecast by petitioner.

further the legislative policy. The statutes, however, do not mandate that LUBA do so. And speedy resolution is not supposed to sacrifice correct decision, as it may do if issues are "deemed waived" in procedural tangles so that no tribunal considers their merits. This always is a risk of leaving the public administration of policies important to the whole community to adjudication between private parties. Land use decisions, even when contested by interested parties, are more than the resolution of private disputes. They are the administration of public policies whose correct or incorrect application often will shape the community long after the immediate contesting parties have left the scene. An applicant unquestionably is entitled to an expeditious correct decision, but the statutes do not compel LUBA to affirm an arguably wrong decision simply because the county board stopped considering the remaining issues after rejecting the application on a basis that, in this case, had not been properly raised. LUBA did not exceed its authority in remanding those issues to the board.

The decision of the Court of Appeals is affirmed.