Argued and submitted January 31, reversed and remanded with instructions
March 5, 1997

Wes JOHNS,
*Petitioner,*

*v.*

CITY OF LINCOLN CITY,
*Respondent.*

(LUBA Nos. 96-082, 96-083; CA A95507)

933 P2d 978

Gary G. Linkous argued the cause and filed the brief for petitioner.

Christopher P. Thomas argued the cause for respondent. With him on the brief was Moskowitz & Thomas.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and De Muniz, Judge.

DEITS, P. J.

### DEITS, P. J.

Petitioner seeks review of LUBA's decision affirming the City of Lincoln City's denial of petitioner's application for a dwelling. We reverse.

Although the proposed location of the dwelling is in a residential zone, the area is also part of an environmental quality overlay zone. As such, the city's zoning ordinance makes the dwelling proposal reviewable under aesthetic resource and natural hazards standards, instead of being permitted outright pursuant to the residential zoning. The city planning director approved petitioner's application. Two separate groups of opponents, the Morfitts and the Darnells, appealed the director's decision to the planning commission pursuant to section 9.040 of the city's zoning ordinance. That section provides, as pertinent:

"A decision of the Planning Department on the issuance of an administrative permit or discretionary action concerning a land use matter may be appealed to the Planning Commission by an affected party by filing an appeal with the Planning and Community Development Director within ten (10) days of the mailing of the decision. *The Notice of Appeal that is filed with the City shall indicate the interpretation that is being appealed and the basis for the appeal.* The notice shall indicate in what respects the decision being appealed is a discretionary decision involving a land use matter. The matter at issue will be a determination of the appropriateness of the interpretation of the requirements of the Ordinance." (Emphasis supplied.)

Although the two notices of appeal differed in the amount and content of their specificity, *see* note 2, the city attorney considered that both sufficed to raise issues that could be considered on appeal. He noted in a memorandum to the planning commission that it "only may consider the [zoning] requirements that the [two] Notices of Appeal reasonably can be interpreted as raising." He further advised the commission that the notices *could* be read to raise discernible questions under two zoning ordinance provisions. As the attorney explained at the commission's hearing:

"In reading both the record and specifically the two notices of appeal, what I tried to do was figure out okay,

let's give the appellants frankly, the benefit of the doubt and try and figure out which criteria that are part of the [relevant] process might their notice[s] of appeal and what they have identified in them come under. * * * I tried to read from reading the record and their notices which of those criteria they were trying to address and it looked like they were the two that I identified."

The city attorney concluded his written advice by preparing two detailed questions of his own that he considered to be before the commission, based on his interpretation of the respective notices.

The commission proceeded to apply the two provisions and to consider the two questions that the city attorney had prepared. On the basis of one or both of the provisions and questions, the commission reversed the director's decision and denied petitioner's application. Petitioner appealed to the city council, which affirmed the planning commission. The council expressly concurred in the commission's and the city attorney's understanding of the issues that had been adequately raised by the appeals from the director's decision. The council's order states:

"The City Attorney reviewed the appeal documents regarding their legal adequacy. He concluded that the appeal documents were legally adequate and identified the appeal issues that the documents properly raised. His written opinion on this is part of the record. The City Council accepts and agrees with the City Attorney's opinion. The appeals were limited to the issues identified by the City Attorney as properly raised. Therefore the City Council finds that the appeal documents were adequate and thus timely."

■ Petitioner then appealed to LUBA, contending, *inter alia*, that the notices of appeal failed to raise the issues on which the denial of his application was based and failed to meet the specificity requirements of section 9.040. As summarized by LUBA, the city responded that "notices of appeal should be liberally interpreted to avoid the exclusion of citizens from the appeal process." Petitioner answers that, just as he was required to comply with the zoning ordinance, the opponents of his application should be required to satisfy the specification requirements in section 9.040.

We quote LUBA's discussion of the issue:

"Neither petitioner nor the city address[es] the most fundamental issue: whether the city *can* limit the scope of the hearing on appeal from the planning director's decision. ORS 227.175(10)(a) provides:

" 'The hearings officer, or such other person as the governing body designates [*i.e.*, the planning director], may approve or deny an application for a permit without a hearing if the hearings officer or other designated person gives notice of the decision and provides an opportunity for appeal of the decision to those persons who would have had a right to notice if a hearing had been scheduled or who are adversely affected or aggrieved by the decision. * * * An appeal from a hearings officer's decision shall be made to the planning commission or the governing body. In either case, *the appeal shall be a de novo hearing.*' (Emphasis added.)

"We understand ORS 227.175(10)(a) to require the city to provide, on appeal from a decision [like the director's] made without a hearing, at least one hearing at which any issue may be raised. Since that is essentially what the city did, petitioner's substantive and procedural rights have not been prejudiced.

"Moreover, we see nothing in [section] 9.040 that prohibits either the planning commission from considering issues beyond those indicated as the basis for the appeal from the planning director's or planning department's decision; or anyone from raising more issues prior to or during the hearings process. *Cf. Smith v. Douglas County*, 93 Or App 503, 506-07, 763 P2d 169 (1988), *aff'd* 308 Or 191, [777 P2d 1377] (1989) (where ordinance specifically states review on local appeal shall be limited to the grounds relied upon in the notice of review, failure to so limit the review is substantive error)." (Emphasis in original.)

Petitioner argues to us that LUBA erred in so concluding.

■ We understand LUBA's *sua sponte* interpretation of ORS 227.175(10)(a) and its interpretation of the zoning ordinance provision to serve as independent alternative grounds for sustaining the city's decision to reach the issues on which it based the denial of the application. However, we interpret the statute differently from the way that LUBA did. LUBA

concluded that, in any hearing conducted pursuant to ORS 227.175(10)(a), any person who has pursued appeal rights is entitled to raise any issue *at the hearing itself*, and no local requirement of advance notice of the issues that will be raised can be imposed consistently with the statute. Insofar as LUBA based that interpretation on the statute's use of the term "*de novo* hearing," we do not share its understanding of the term. Rather, we construe that term and the statute as a whole to mean that a plenary hearing must be *available*, but not as implying that the applicable requirements cannot include some form of prehearing notice to the decision maker and the other parties regarding the issues that the appealing party will present.

The focal concern of ORS 227.175(10)(a) is with the availability of and opportunity to pursue a hearing. In *Tarjoto v. Lane County*, 137 Or App 305, 309, 904 P2d 641 (1995), we interpreted ORS 215.416(11)(a), the analogous provision applicable to counties, as meaning "that a hearing is not required in the first instance if a *de novo* hearing and a meaningful ability to pursue it are provided for at a later stage of the county process." It is important to emphasize that the hearing and appeal contemplated by ORS 227.175(10)(a) do not take place automatically every time a planning director or other official makes an appealable decision of the kind described in the statute. Rather, they occur only if a person entitled to do so exercises the right of appeal defined in the statute. That being so, there is no basis for reading the text of ORS 227.175(10)(a) as precluding local requirements that the issues to be presented on appeal, as well as the fact that an appeal will be pursued, must be specified in advance. The fact that the statute confers a *right* to a plenary appeal does not mean that *any* appeal proceeding, or one that is plenary in scope, may be obtained without following applicable procedures for appealing and for defining the basis for the appeal.

The context of the statute leads to the same conclusion as does its text. *See* ORS 197.763(1) (to preserve issue for review by LUBA, party must raise it at local level in such time and manner as to give notice of issue to local deciding bodies and an adequate opportunity to other parties to respond at local level); ORS 197.830(11)(c) (specification of

issues to be reviewed required in petitions for review to LUBA); ORS 227.180(1)(a) (procedures for appeals to higher city bodies of permit decisions by city hearings officers may be prescribed by city governing bodies).

■ Based on the text and context of the statute, we conclude that ORS 227.175(10)(a) does not require that a party must be able to raise any issue at the appeal hearing itself, without advance notification. Further, the statute does not proscribe local legislation requiring a notice of appeal that sets forth with reasonable particularity the issues that the appealing party will raise at the hearing. We therefore turn to section 9.040 of the local ordinance, and to whether LUBA was correct in concluding that that provision does not require more particularity in notices of appeal than the opponents provided or the city demanded here.

■ At the outset, it is not completely clear *what* we are reviewing, or what LUBA was. LUBA rendered its own independent interpretation of the ordinance. However, if the city governing body, *i.e.*, the city council, interpreted the local legislation in making its decision, LUBA should not have interpreted the legislation independently in reviewing the decision. Rather, the proper standard for LUBA was the "deferential" review of the city's interpretation that is defined in ORS 197.829(1)(a)-(c), *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), and *Gage v. City of Portland*, 319 Or 308, 877 P2d 1187 (1994). On the other hand, an interpretation of local land use legislation by a entity inferior to the governing body is not entitled to deference on review, *Gage*; but a lower entity's interpretation is imputable to the local governing body, and therefore *is* reviewed deferentially, if the latter either expressly endorses the interpretation or affirms the lower body's decision without expressly negating its interpretation. *Derry v. Douglas County*, 132 Or App 386, 888 P2d 588 (1995). Finally, if an interpretation of local legislation is essential to a local land use decision, but no governing body interpretation was made—or none that is "adequate for review"—LUBA and, in turn, we must interpret the local legislation *ab initio*. ORS 197.829(2).

█ The application of those principles is somewhat complicated under the circumstances here. The city council expressly endorsed the way in which the city attorney and, implicitly, the planning commission, *applied* section 9.040 to the two notices of appeal. However, the principal interpretive exercise was directed at the notices of appeal rather than the ordinance. The city attorney did not directly address how the ordinance should be interpreted. His comments, both written and spoken, seem to indicate a view that the ordinance requires notices of appeal to contain *some* particularization of issues. However, the way in which the city proceeded to apply the ordinance is contrary to that implicit interpretation. As noted, the city attorney prepared questions of his own to be decided by the planning commission. Although he believed that those questions were inferable from the notices, what was presented for the commission's consideration was the city attorney's elaborate and refined description of the issues rather than the substantially less defined and more diffuse description in the notices.

Whether or not the city intended or made any interpretation of the ordinance itself, as distinct from the interpretation of the notices of appeal that primarily concerned the city attorney, we conclude that any local interpretation of the legislation that might arguably be presented to us is inadequate for review. The city provided no explanation for or explicit statement of its understanding of the meaning of the ordinance but simply assumed that the ordinance could be applied in the manner that it was. *See Larson v. Wallowa County*, 116 Or App 96, 103, 840 P2d 1350 (1992). Therefore, like LUBA, we will interpret section 9.040 as a question of law that is before us for an *ab initio* decision pursuant to ORS 197.829(2).

█ The ordinance requires that a notice of appeal from the planning director's decision "shall indicate the interpretation that is being appealed and the basis for the appeal." As noted, LUBA found "nothing in [section] 9.040 that prohibits the planning commission from considering" or "anyone from raising" issues "beyond those indicated as the basis for appeal" in the notice. LUBA distinguished section 9.040 from

the ordinance we considered in *Smith*, which expressly "limited [the appellate body's review] to the grounds relied upon in the notice of review * * * if the review is initiated by such notice."[1] It is of course true that the provision in *Smith* was express in limiting the review to the issues specified in the notice, while the provision here simply requires that the issues be specified. However, it is not readily apparent why such a specification would be required if it carried no limitation with it. In addition to the fact that requiring issues to be defined in advance would serve no clear purpose if the issues that may later be considered were not correspondingly limited, such a requirement without such a limitation would *disserve* the objective of providing the other parties to the proceeding with notice of the issues that they must *actually* be prepared to meet. *See Smith*, 93 Or App at 506-07.

In our discussion of the context of ORS 227.175-(10)(a), we referred to statutes that require the initiating party to define in advance and/or to provide notice to other parties of the issues that the party will raise and that will require response at various levels in the land use decision-making process. That notice function, together with the definition of issues for the decision-maker's benefit, is clearly among the purposes of section 9.040, as much as they were among the purposes of the provision in *Smith*.

■     We do not suggest that notices of appeal filed pursuant to section 9.040 must contain voluminous detail or that interstices in their meaning cannot be filled by common-sense readings and reasonable extrapolations from what they say. *See Boldt v. Clackamas County*, 107 Or App 619, 813 P2d 1078 (1991) (*fair* notice suffices). Here, however, the city attorney *rewrote* the two notices. As we construe the ordinance, a notice of appeal cannot satisfy the specification requirement if *that* much "interpretation" is necessary to identify the issues that it presents, nor is it permissible for

---

[1] We emphasize that there is no question in this case about the scope of the issues that the reviewing bodies may consider if a hearing is initiated other than by a party's notice. We imply no answer to that question. We also imply no view as to whether the reviewing body may raise questions of its own, beyond those specified in the notice. The only question we consider in this part of our discussion is what a *party* may raise at the hearing under the circumstances and the ordinance provision in question.

the decisionmaker or other city personnel to provide *in toto* the definition that they consider a notice of appeal to lack. The issues must be *reasonably* discernible from the notice itself. The fact that the city attorney rewrote the notices does not mean, in itself, that a sufficiently clear meaning *could not* be found in them in the absence of his clarifying exercise. It does mean, however, that the questions decided in the local appeals did not come from the notices and that the city did not ascertain whether any cognizable questions, or what questions, could be ascribed to the notices in the absence of the city attorney's elaborations. A remand to the city is necessary to determine whether either or both of the notices of appeal meet the specificity requirements of the ordinance as we interpret it and to decide only those questions that it may conclude have been adequately raised.[2]

We note that the policy espoused by the city—avoiding the exclusion of citizens from the decisional process—is a recognized and fundamental aspect of Oregon's land use scheme. *See, e.g.,* Goal 2. However, that policy and the policy of fair notice that is recognized by statute, *e.g.,* ORS 197.732; *see Boldt,* and by local provisions such as section 9.040, are equally important and are also wholly consistent with one another. It may be that the city was free not to enact section 9.040 or similar legislation. *See Smith,* 93 Or App at 506. However, it *did* enact the provision, and it must follow it.

It is unnecessary for us to reach petitioner's other arguments at this time.

Reversed and remanded with instructions to remand decision to city for further proceedings not inconsistent with this opinion.

---

[2] Because the time for an appeal under section 9.040 has passed, the city's determination must be based on the documents that have already been filed. We note that there is a *much* greater possibility that the Darnells have specified a reviewable issue than that the Morfitts have. However, any decision of that question by LUBA or us must, of course, await a later day.