Argued and submitted February 19, affirmed April 1, 1998

## STATE OF OREGON ex rel
## David HOLLAND,
### *Appellant,*

*v.*

## CITY OF CANNON BEACH,
### an Oregon municipal corporation,
### *Respondent.*

### (97-2034; CA A97846)

956 P2d 1039

William C. Cox argued the cause and filed the brief for appellant.

Daniel Kearns argued the cause for respondent. With him on the brief was Preston Gates & Ellis, LLP.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

DEITS, C. J.

Haselton, J., concurring.

## DEITS, C. J.

Plaintiff-relator (plaintiff) appeals from the trial court's dismissal for lack of jurisdiction of his mandamus action under ORS 227.178(7). We affirm.

On March 3, 1995, the governing body of the City of Cannon Beach made a final decision denying plaintiff's application for a subdivision. Plaintiff appealed the decision to LUBA and a series of decisions by that body, this court and the Supreme Court ensued. The appellate process culminated in a remand by LUBA to the city, pursuant to our instructions in *Holland v. City of Cannon Beach*, 142 Or App 5, 920 P2d 562, *rev den* 324 Or 229 (1996). The city did not make a new decision on the application within 120 days *following LUBA's remand,* and petitioner brought this action.

ORS 227.178(1) provides:

"Except as provided in subsections (3) and (4) of this section, the governing body of a city or its designee shall take final action on an application for a permit, limited land use decision or zone change, including resolution of all appeals under ORS 227.180, within 120 days *after the application is deemed complete.*" (Emphasis supplied.)

ORS 227.178(7)(b) provides, in material part, that if the city fails to "take final action * * * within 120 days after the application is deemed complete":

"The applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designee to issue the approval."

The city moved to dismiss the action, asserting that the time limit of ORS 227.178(1) and the mandamus remedy of ORS 227.178(7) apply only to a city's original processing of a land use application and, concomitantly, that they have no application to a city's proceedings after the remand of a land use decision by LUBA. The trial court agreed and dismissed the action. Its order explains:

"The City's March 3, 1995 final decision denying [the] subdivision application was the 'final action' required by

ORS 227.178(7). The City discharged its sole obligation under this statute when it rendered that decision.

"* * * * *

"The 120-day mandamus statute in ORS 227.178(7) has no applicability or relevance once the local government has discharged its obligation under the statute to 'take final action,' and more specifically, the 120-day mandamus statute does not apply to proceedings on remand from LUBA."

Plaintiff argues on appeal that the trial court erred in so concluding and that the statutory time limit and remedy should be construed as applying to city proceedings that follow from a remand by LUBA as much as to the original city proceedings that occur immediately after the filing of a completed application.[1]

■ The plain language of the statute is inconsistent with plaintiff's argument. Both ORS 227.178(1) and (7) clearly provide that the 120-day period runs from the time that the "application is deemed complete." Plaintiff argues that that language in the statute does not *preclude* an interpretation that it *also* can encompass and apply anew to the period following a LUBA remand of the final decision that the city made in its initial consideration of the application. We do not find that argument persuasive. The statute specifies only one time and one event from which the running of the 120-day period is to be measured, which is the time the application is deemed complete. Although the statute does not expressly say that the period does *not* run from any other time or event, such as the date of LUBA's remand, the legislature is not required to specify that a statute that clearly states that it applies to one thing does not also apply to other things.

Plaintiff relies for his next argument on *Smith v. Douglas County*, 308 Or 191, 777 P2d 1377 (1989). The petitioner in that case contended that the policy of expedition in the decision of land use matters, as reflected in ORS 215.428 (the county analog of ORS 227.178), was contrary to a LUBA

---

[1] In *State ex rel Fraley v. Deschutes Cty. Bd. of Comm.*, 151 Or App 201, 204 n 2, 948 P2d 1249 (1997), we found it unnecessary to decide the same question in an action under ORS 215.428, the analog of ORS 227.178 that applies to counties.

remand that allowed the county to address issues that it had not disposed of in its original decision, in which it had denied the petitioner's permit application and which was the decision being reviewed by LUBA and the Supreme Court. The petitioner sought, in effect, for the county's denial of his application to be reversed outright rather than remanded to the county. The Supreme Court rejected his argument. Here, plaintiff relies on passing references to ORS 215.428 in the court's opinion in *Smith*. However, to the extent that *Smith* says anything relevant to this question, it is not helpful to plaintiff. The court noted that "[p]etitioner's argument is not that the county board did not issue a final order within 120 days, as of course it did when it denied the permit," *i.e.*, when it made the original decision on the petitioner's application. *Id.* at 195. *Smith* has no consequential bearing on the question about the meaning of ORS 215.428 and ORS 227.178 that is presented in this case.

Plaintiff also looks to general statutory policy to support his reading of this statute. He notes that ORS 197.805 declares the legislative policy that "time is of the essence in reaching final decisions in matters involving land use." However, the legislature has implemented that policy through various provisions setting time limits for the review procedures and decisions by LUBA and this court. *E.g.*, ORS 197.830(13); ORS 197.855. ORS 215.428(1) and ORS 227.178(1) serve to impose corresponding time limits in the local decision making process. Although plaintiff states the proposition in a number of different ways, the thrust of his arguments is that the policy of expedited and prompt decision making underlies all phases of the process, and that it is not consistent with that policy for local governments to have an unlimited time to act on an application after a LUBA remand, but not before.

■ We might agree with the logic of that proposition; however, our task is to interpret and apply the statute that the legislature enacted, not to extend the underlying policy of the statute in ways that the legislature did not see fit to do. We said in *DLCD v. Jackson County*, 151 Or App 210, 218, 948 P2d 731 (1997), that "courts must be cautious not to *make* policy in the guise of [statutory] interpretation," and

that "broad policy considerations are not necessarily integrated into *every* enactment that relates generally to the subject matter that the policy underlies." (Emphasis in original.)

■ Fortuitously, a good illustration of that general point is also directly related to the specific issue at hand. In *Blatt v. City of Portland*, 109 Or App 259, 263, 819 P2d 309 (1991), *rev den* 314 Or 727 (1992), we noted that the time limits that ORS 197.855 places on *our* decisions in cases on review from LUBA are neither applicable to the Supreme Court by their terms nor followed by that court in practice in its consideration of those cases. *See also* ORS 197.850(10) (*"the Court of Appeals* shall issue a final order * * * with the greatest possible expediency."*)[2] (Emphasis supplied.) Thus, the legislature has clearly chosen to advance the policy of prompt resolution by imposing concrete requirements on one of the two appellate courts that might review LUBA's decisions but not the other. Analogously, it has made the "120-day rule" applicable to a city's or county's initial decision on a permit application but not to later local decisions that might be necessitated by the results of the review process. Plaintiff disagrees with the line that the legislature has drawn, and so might we if the question were in our province. However, both the formulation of the policy and the determination of how and when it applies are matters that the legislature may and has resolved. The terms of ORS 227.178(7) are clear, and it does not apply here.

Affirmed.

**HASELTON, J.,** concurring.

Perhaps unwittingly, the legislature has created a statutory scheme that: (1) requires local governments to dispose of land use applications within 120 days in the first instance; but (2) allows local governments to consign the same applications to legal limbo following successful appeals to LUBA. Mr. Holland's odyssey to LUBA, this court, the Supreme Court, this court (again), and LUBA (again) yielded

---

[2] We understand the word "expediency" in the statute to be an inadvertent substitute for "expedition."

a Pyrrhic victory: His application can now languish indefinitely before the City of Cannon Beach. If that is the legislature's intent, so be it. *See, e.g.*, *Grijalva v. Safeco Ins.*, 153 Or App 144, 956 P2d 995 (1998) (Haselton, J., concurring). But to describe that result as "incongruous" is far too mild. "Inane" is more like it.