Argued and submitted July 1, reversed and remanded with instructions
November 13, 2003

Bud **MILES**
and Miles Oil Co.,
*Respondents,*

*v.*

CITY OF FLORENCE,
*Respondent,*

*and*

SAFEWAY, INC.,
*Petitioner.*

2003-007; A121477

79 P3d 382

Steven P. Hultberg argued the cause for petitioner. With him on the brief was Perkins Coie LLP.

Bill Kloos argued the cause for respondents Bud Miles and Miles Oil Co. On the brief were Daniel A. Terrell and Law Office of Bill Kloos, PC.

Emily N. Jerome waived appearance for respondent City of Florence.

Before Landau, Presiding Judge, and Armstrong and Linder, Judges.

LINDER, J.

**LINDER, J.**

Safeway Inc. (Safeway), intervenor below, sought and obtained a conditional use permit from the City of Florence to build a gas station on property where it has an existing grocery store. Bud Miles and Miles Oil Co. (opponents) opposed the permit and appealed its approval first to the city council and then to LUBA. On appeal to LUBA, opponents argued, *inter alia*, that Safeway's site plan did not meet the city's requirement that the site have a minimum of 150 feet of frontage. LUBA concluded that, because the pertinent ordinance is ambiguous, it could not resolve that issue. LUBA therefore remanded the case to the city for an interpretation of the ordinance. Safeway petitions for review, renewing various arguments that it made to LUBA. Because we agree that opponents did not adequately preserve the frontage issue for LUBA's review, we reverse.

A few additional facts, both substantive and procedural, provide added context for our discussion. As already noted, Safeway owns an existing grocery store on property in the City of Florence and proposes to build a gas station on the same property. The property is bordered by Highway 101 to the west, Sixth Street to the south, and Seventh Street to the north. The proposed gas station site would have one shared access with an existing bank directly onto Highway 101. The site also would be accessible from Sixth and Seventh Streets.

Safeway's application for the conditional use permit was first approved by the local planning commission. In issuing the approval, the planning commission made findings of fact that addressed, among other things, whether Safeway's site plan satisfied the site dimension specifications that apply to gas stations. In particular, the planning commission noted that the pertinent site dimension specifications require that a site for a gas station have a minimum of 150 feet of frontage. The planning commission, in response to that requirement, specifically found that the frontage on Highway 101 measured 177 feet. The findings did not

address whether, to meet the city's frontage requirement, the frontage should be measured on Highway 101 as opposed to one of the other streets bordering the property.

Opponents appealed the planning commission's approval to the city council. Pursuant to a City of Florence ordinance governing the appeal, opponents were required to file a written "petition on appeal" that included a statement of "[t]he specific errors, if any, made in the decision of the initial action and the grounds therefore."[1] Opponents did so, raising four issues for the city council's review, none of which involved the city's minimum 150-foot frontage requirement or whether Safeway's proposal satisfied it. The city council rejected opponents' challenges and affirmed the approval of Safeway's conditional use permit. In doing so, the city council adopted the planning commission's findings, including the finding that the Highway 101 frontage for Safeway's proposed site measures 177 feet.

On appeal to LUBA, opponents abandoned the four issues that they had specified in their appeal to the city council. They instead advanced two arguments that they had not identified in their petition to the city council, including an argument that the city council, in adopting the planning commission's findings, erroneously concluded that Safeway's proposal satisfied the city's 150-foot minimum frontage specification. In that regard, opponents took the position that the frontage for the site had to be measured on Seventh Street, not Highway 101. So measured, the frontage was less than 150 feet, which would not satisfy the city's site dimension requirements.

LUBA agreed with Safeway that opponents' first argument, relating to the lack of findings on several applicable approval criteria, was unpreserved. LUBA reasoned that opponents' first opportunity to challenge the adequacy of the planning commission's findings occurred in their appeal to the city council. Opponents had not raised the challenge at that point, however, so LUBA declined to consider the issue.

---

[1] Florence City Code 10-1-1-7(D)(3).

But LUBA did not agree with Safeway that opponents' second argument, relating to the 150-foot minimum frontage requirement, was likewise unpreserved. LUBA concluded that the issue had been raised at the first opportunity for doing so—that is, during the planning commission hearing—and that raising it at that level was sufficient to preserve it for LUBA's review:

> "The planning commission's questioning of the applicant's representative shows there was significant confusion below concerning how the 150-foot frontage requirement is applied to lots with frontage on more than one road and whether the [ordinance's] 150-foot frontage requirement should be applied to the Highway 101 frontage or to the Seventh Street frontage. This discussion occurred prior to the close of the final evidentiary hearing in this matter and was sufficient to raise the issue that is presented in the second assignment of error."

*Miles v. City of Florence*, 44 Or LUBA 411, 417-18 (2003) (citation to record omitted). LUBA thus implicitly rejected Safeway's argument that opponents waived the frontage issue by not raising it in their appeal to the city council. LUBA did not resolve the merits of the issue, however, because it concluded that the city's ordinance imposing the 150-foot minimum frontage specification was ambiguous and should be interpreted by the city in the first instance. LUBA therefore remanded the case to the city council.

■ Safeway petitions for judicial review, raising two assignments of error. Safeway first asserts that the city's interpretation of the frontage ordinance was implicit in its approval of the conditional use permit and that LUBA's remand to the city therefore was unnecessary. Second, Safeway assigns error to LUBA's conclusion that the issue of which street should serve as the frontage for the site—*i.e.*, Highway 101 or Seventh Street—was adequately preserved for LUBA's review. In support of its second assignment of error, Safeway first contends that, contrary to LUBA's conclusion, the limited discussion of the issue between the planning commission and Safeway's representative at the planning commission hearing did not satisfy the statutory requirement that an issue be "raised and accompanied by

statements or evidence sufficient to afford the governing body, planning commission, hearings body or hearings officer, and the parties an adequate opportunity to respond to each issue." ORS 197.763(1).[2] Second, and in the alternative, Safeway argues that, even if the frontage street issue was adequately raised at the planning commission level, opponents subsequently waived it by not presenting it in their appeal to the city council. We begin with that issue, because we agree with Safeway that the frontage issue was not preserved, and our conclusion in that regard is dispositive.[3]

■    Three statutes bear on the question of when issues are preserved for LUBA's review. The first is ORS 197.763(1), which provides that, to be the basis for an appeal to LUBA, an issue "shall be raised not later than the close of the record at or following the final evidentiary hearing on the proposal before the local government." The second pertinent statute is ORS 197.835(3), which limits LUBA's review to issues "raised by any participant before the local hearings body as provided by ORS 197.195 or 197.763, whichever is applicable." The net effect of those two statutes is that LUBA may

_____

[2] ORS 197.835(3) further provides, as applicable to this case, that LUBA's scope of review is limited to issues raised "by any participant before the local hearings body * * *." LUBA expressly concluded that a member of a planning commission can be a participant within the meaning of that statute. On appeal, Safeway comments in a footnote that LUBA's conclusion in that regard is "questionable." Safeway does not assert, however, that LUBA's conclusion was erroneous or offer any analysis as to why a member of a planning commission is not a "participant" within the plain meaning of the statute. If, with that limited footnote comment, Safeway intended to take issue with LUBA's conclusion that planning commission members qualify as "participants" within the meaning of ORS 197.835(3), Safeway failed to adequately do so. *See State v. Bassine*, 188 Or App 228, 233 n 5, 71 P3d 72, *adh'd to on recons as modified*, 189 Or App 987, 76 P3d 668 (2003) (court declined to address glancing references to other potential claims of error where no cognizable or meaningful argument was offered to support the claims); *Confederated Tribes (Siletz) v. Employment Dept.*, 165 Or App 65, 81 n 8, 995 P2d 580 (2000) (an error cannot be raised in a footnote rather than through an assignment of error).

[3] We therefore do not reach Safeway's other arguments. Our conclusion that opponents waived the frontage issue by not presenting it on appeal to the city council moots Safeway's first assignment of error (*i.e.*, that LUBA unnecessarily remanded the case to the city for interpretation of the ordinance pertaining to the frontage specification). Our conclusion on the preservation issue also renders it unnecessary to reach Safeway's alternative argument in support of its second assignment of error (*i.e.*, that the discussion at the planning commission hearing about which street should be the frontage street was not adequate to raise the issue at the local hearing level).

consider only issues that have been properly raised by a participant before the close of the record at the local hearing level and not those raised at a later time.[4]

██ The third pertinent statute, ORS 197.825(2)(a), has a related but different focus. It limits LUBA's jurisdiction "to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review[.]" As we have observed, ORS 197.825(2)(a) codifies traditional exhaustion principles, which generally require a party to take advantage of available administrative or local government remedies to redress a grievance before seeking further review by a judicial or quasi-judicial body. *See Lyke v. Lane County*, 70 Or App 82, 85-86, 688 P2d 411 (1984). In the context of land use decisions, exhaustion of local remedies before seeking LUBA's review serves at least four purposes:

> " 'First, by requiring a petitioner to pursue an available local remedy, we permit the county decisionmaking process to run its course without interruption. Second, we make it possible for the governing body, which is the legislative source of the ordinances initially applied by the hearings officer, to clarify and determine factual and policy issues presented by land use controversies. Third, we open the door to the increased possibility of compromise and the avoidance of land use litigation. Finally, by [requiring exhaustion of all available local remedies], we promote the opportunity for development of a more complete, well-organized record.' "

*Id.* at 87 (quoting with approval LUBA's decision in the same case). To serve those purposes, exhaustion principles traditionally require not only that an avenue of review be pursued, but also that the particular claims that form the basis for a challenge be presented to the administrative or local government body whose review must be exhausted. *See generally Outdoor Media Dimensions Inc. v. State of Oregon,* 331 Or 634, 661-62, 20 P3d 180 (2001) (when an agency has authority to resolve a particular claim, that claim must be presented to the agency in order to exhaust administrative remedies, even when the claim is purely legal). If a party fails to do so

---

[4] An exception exists for issues that do not arise until after the close of the evidentiary hearings, such as challenges to the adequacy of the findings in an order. *See DLCD v. City of Warrenton,* 40 Or LUBA 88, 95-96 (2001).

by "timely and adequately addressing the merits before the [local government or] agency," that party loses his or her right to judicial review on the merits. *Mullenaux v. Dept. of Revenue*, 293 Or 536, 541, 651 P2d 724 (1982). As the Supreme Court explained in *Mullenaux*, a party does not exhaust his or her remedies "simply by stepping through the motions of the administrative process without affording the [administrative or local government body] an opportunity to rule on the substance of the dispute." *Id.* In short, failure to exhaust a remedy by presenting the agency or local government with the substance of a claim waives the issue for further review.

In concluding that opponents did not have to raise the frontage street issue in their appeal to the city council, LUBA did not consider—at least not in any express way—the exhaustion policy of ORS 197.825(2)(a). LUBA instead relied only on ORS 197.763(1) and ORS 197.835(3), the statutes identifying when an issue must be raised at a local hearing to be preserved for LUBA's review.[5] Those statutes, however, cannot be viewed in isolation. They must instead be read together with related statutes. *See Fairbanks v. Bureau of Labor and Industries*, 323 Or 88, 94-97, 913 P2d 703 (1996) (courts must construe related statutes together to give appropriate effect to each and thus carry out the legislature's full intent). Thus, in deciding whether opponents' failure to raise the frontage issue in their appeal to the city council waived the issue, we must consider and give effect to the exhaustion policy of ORS 197.825(2)(a), as well as the scope of review provisions of ORS 197.763(1) and ORS 197.835(3).

The three statutes, in combination, lead us to conclude that opponents failed to preserve the frontage issue by not presenting it to the city council in their appeal. For

---

[5] LUBA noted in a footnote that it was confining its analysis to ORS 197.763(1) and ORS 197.835(3) because the parties' arguments were directed only to those provisions. 44 Or LUBA at 413-14 n 2. On review to this court, Safeway expressly relies on ORS 197.825(2)(a) as well. Even if Safeway had not done so, however, we would consider all three statutes. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) (in construing a statute, a court is responsible for identifying the correct interpretation, whether or not asserted by the parties).

present purposes, we assume without deciding that the discussion about the street frontage between Safeway's representative and the planning commission members sufficiently raised the issue in such a way as to "afford the governing body * * * and the parties an adequate opportunity to respond" to it, as ORS 197.763(1) requires. That means, by force of the provisions of ORS 197.835(3), that the issue is one that is within the permissible scope of what LUBA may review. But the statute does not also unconditionally mandate LUBA's review of the issue or otherwise declare that a party has an absolute right to LUBA's review of an issue once it is so raised. Rather, the statute does no more than place the issue in the general universe of issues that LUBA may potentially consider. The statute is silent as to whether an issue, having been raised before the close of the evidentiary record, can later be waived.

We see no reason why notions of waiver and abandonment should not be given force in this context, and neither LUBA, nor opponents in defending LUBA's decision, offer us any.[6] In the land use area, we have applied waiver analysis to issues in other contexts that were initially raised and adequately preserved. *See, e.g., Mill Creek Glen Protection Assoc. v. Umatilla Co.*, 88 Or App 522, 527, 746 P2d 728

---

[6] The bulk of opponents' argument on the point is devoted to a contention that they did raise the issue, despite their failure to specify it as a ground for appeal to the city council, because they submitted a letter to the city council regarding an alternative site plan proposed by Safeway that discussed which street—Highway 101 or Seventh Street—had to serve as the frontage for the site. There are two problems with opponents' reliance on that letter. First, that letter did not satisfy the city's requirement that the issues presented for the appeal be specified in their written petition for appeal. Thus, opponents were not entitled to press the issue before the city council. *See Johns v. City of Lincoln City*, 146 Or App 594, 601-03, 933 P2d 978 (1997) (scope of local body's review generally is limited to grounds specified in written application for the local appeal). Nor does anything in the record suggest that the city council reached the issue *sua sponte. See id.* at 602 n 1 (reserving question of local body's authority to reach issues not specified as required by ordinance). Second, and more fundamentally, opponents' letter invited the error that opponents raised before LUBA. Specifically, Safeway's alternative site plan proposed that Seventh Street be considered the frontage for the site and configured the site so that it would satisfy the 150-foot minimum frontage specification. In addressing that alternative, opponents objected that it did not comply with the frontage specification because the frontage had to be measured on Highway 101. Given opponents' position in that letter, even if we were to conclude that the frontage issue was adequately raised before the city council—and we do not—we would deem opponents to have invited the error that they later complained about to LUBA.

(1987) (failure to raise particular issues in first appeal to LUBA waived those issues in a second appeal to LUBA). Consistently with the exhaustion principle expressed in ORS 197.825(2)(a), and to give that principle force, parties should be required to pursue their available local remedies *and* to present their substantive claims to the local appeal body; their failure to do so should be deemed to be a waiver of those claims. Requiring parties to pursue a local appeal process, without also requiring them to raise issues that they later raise to LUBA as a basis to invalidate the local decision, would permit parties to "step[ ] through the motions" of the local appeal process without presenting the substance of their objections to the local body. *See Mullenaux,* 293 Or at 541. In turn, few or none of the objectives of requiring exhaustion of the local appeal process would be served. In particular, the local appeal process would not aid in clarifying and determining factual and policy issues presented by the controversy; it would not be more likely to lead to possible compromise and the avoidance of further litigation; and it would not promote development of a more complete, well-organized record. *See Lyke,* 70 Or App at 87. The upshot would be to frustrate, significantly if not fully, the reasons for requiring exhaustion of available local remedies before seeking review by LUBA.[7]

Our conclusion is reinforced by the fact that local land use appeal ordinances often include—as in this case—provisions that require an appealing party to specify the issues for appeal. *See* 190 Or App at 503 n 1. When such an ordinance limits the local body's review to the issues so specified, the local appeal body cannot go beyond those issues. *See Smith v. Douglas County,* 93 Or App 503, 506-07, 763 P2d 169 (1988), *aff'd,* 308 Or 191, 777 P2d 1377 (1989). Even when an ordinance does not expressly limit the local body's review, such a limitation may be inherent in the requirement that the issues for the local appeal be specified in advance.

---

[7] This case illustrates the point. If opponents had specifically raised their challenge that Seventh Street, rather than Highway 101, was the proper frontage for purposes of the 150-foot minimum frontage specification, the city council could have addressed and resolved the argument. In the course of doing so, the city council could have—and in all likelihood, would have—explained its interpretation of the ordinance in question, thus eliminating any arguable need to remand and conduct further proceedings before the city council.

*See Johns v. City of Lincoln City*, 146 Or App 594, 601-03, 933 P2d 978 (1997). The circumstances in which the local appeal body may *sua sponte* reach an issue that was not specified as required by an ordinance are unsettled. *Id.* at 602 n 1. Consequently, an appealing party's failure to specify an issue for a local appeal either precludes the local body from considering it altogether or renders it unlikely to be considered because the local body is left to ferret out the issue and raise it on its own accord. To conclude under those circumstances that issues not raised before the local appeal body could be asserted as a ground for relief in an appeal to LUBA would be a particularly perverse result in light of the exhaustion principle expressed in ORS 197.825(2)(a).

■ We therefore hold, contrary to LUBA's conclusion in this case, that a party may not raise an issue before LUBA when that party could have specified it as a ground for appeal before the local body, but did not do so. Here, that is what happened. Opponents' failure to raise the frontage issue in their appeal to the city council waived that issue and precluded them from raising it before LUBA.

Reversed and remanded with instructions to affirm city's decision.