Argued June 19, affirmed September 10, petition for rehearing
denied September 30, petition for review denied
November 17, 1970

STATE OF OREGON, *Respondent, v.* TIMOTHY
LEE HERRIED, THOMAS STEVEN GRAY and
LARRY STEPHEN CLAGGET, *Appellants.*

474 P2d 358

*Kenneth M. Abraham,* Hood River, argued the
cause and filed the brief for appellants.

*Donald H. Turner*, District Attorney, The Dalles, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

## MEMORANDUM DECISION

The three defendants were convicted of possession of marihuana, sentenced to 90 days in jail, and on appeal make three assignments of error. Rule 19 of the Supreme Court and of this court is a rule of long standing. It reads in pertinent part:

> "Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. The assignments of error must be specific and must set out haec verba the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

None of the defendants' assignments of error complies with Rule 19.

Full adherence to the adversary concept would result in the dismissal of these appeals without consideration on the merits. Yet if we were to do so, decisions of the United States Supreme Court, which we need not enumerate here, would result in the defendants' having their appeals heard on the merits on some other proceeding such as post-conviction or federal habeas corpus—a result which would only unnecessarily prolong resolution of the matter before us to the detriment of society and possibly to the detriment of defendants themselves.

■■ We have therefore considered the assignments of error in the same manner we would have considered

them had they been properly presented, and find that none of them has any merit. Further, none of the questions raised is novel in any way, and a detailed opinion would therefore be of little interest other than to the litigants themselves. ORS 19.180 provides that this court:

> "* * * [M]ay decide cases before it by means of memorandum decisions and shall prepare full opinions only in such cases as it deems proper."

We construe this statute as authorizing this court, in such instances as it sees fit, to decide cases without opinion—a practice which is becoming increasingly widespread among appellate courts of other jurisdictions. It has been and will be our practice, so long as we can do so without jeopardizing the expeditious disposition of cases, to state, albeit sometimes very briefly, the reasons for our decision, but we see no purpose in doing so in a situation such as the one at hand.

Affirmed.