169

Argued and submitted April 17, affirmed May 20, 1992

Joseph W. ANGEL, II,
*Petitioner,*

*v.*

CITY OF PORTLAND,
Gary Marshel, Lois Wakelin,
Richmond Neighborhood Assoc.,
Mt. Tabor Neighborhood Assoc.,
South Tabor Neighborhood Assoc.
and Laurelhurst Neighborhood Assoc.,
*Respondents.*

(LUBA 91-192; CA A73843)

831 P2d 77

Stephen T. Janik, Portland, argued the cause for petitioner. With him on the brief were Jack L. Orchard, Richard H. Allan and Ball, Janik & Novack, Portland.

Timothy J. Sercombe, Portland, argued the cause for respondents. With him on the brief were Edward J. Sullivan,

Preston Thorgrimson Shidler Gates & Ellis, Vincent P. Salvi, Weiss Jensen Ellis & Botteri, Adrienne Brockman, Assistant City Attorney, and City of Portland City Attorney's Office, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's affirmance of the City of Portland's denial of his application to rezone his property from residential to a commercial designation. Respondents move to strike petitioner's brief, because it does not comply with ORAP 5.45. Respondents explain, in part:

"Petitioner's brief purportedly raises two assignments of error to this Court. The first assignment of error complains of LUBA's failure to 'require the City Council to apply the proper standards * * * and to make appropriate findings * * *.' The text of the assignment of error and the discussion at Petitioner's brief pp. 6-17 fails to identify any particular holding of the Board for which review is sought or cite the assignment of error in the petition for review to LUBA to which the holding relates. *In fact, with one [marginally relevant] exception, no particular part of the text of the LUBA opinion under review is quoted or discussed anywhere in Petitioner's Brief.*

"Instead, Petitioner's discussion under this assignment of error relates almost exclusively to his problems with the *City Council* decision. One cannot tell from Petitioner's brief what determination by LUBA is assigned as error in this appeal or if LUBA's action related to an issue presented to it in the proceedings below.

"The second assignment of error states that, 'LUBA failed to apply appropriate standards of judicial (sic) review of the Portland City's (sic) Council's consideration and weighing of the evidence on traffic issues and misapplied the standards set forth in *Younger v. City of Portland* [, 305 Or 346, 752 P2d 262 (1988)].' But the discussion under this assignment complains almost exclusively about the City's weighing of the evidence below, not LUBA's determination that the municipal findings were supported by substantial evidence in the whole record. * * *

"* * * * *

"These errors obfuscate the issues, inhibit meaningful judicial review, increase the cost of response, and prolong the judicial review process. It is astounding that only one sentence from the text of the agency decision is quoted or analyzed in Petitioner's brief; and that quotation and discussion occurs in a footnote and pertains to a side issue. The failure of the brief to conform with these rules needlessly prolongs the appellate process by requiring the parties and

the court to find the needle of [a] justiciable claim of error in a haystack of bombastic verbiage. This is bad enough in an ordinary case. But it is particularly harmful in a case where the Legislative Assembly has directed the court to expedite judicial review. ORS 197.850." (Emphasis respondents'; footnote omitted.)

■    We agree generally with respondents' characterization of petitioner's arguments. Although the name "LUBA" appears with some frequency in the brief, it is generally followed by a description of, and an argument based on, what the city did, rather than what and why LUBA was asked to and did rule about the city's actions.[1] We do not review local land use decisions *de novo*, and the bases on which we may reverse or remand LUBA's disposition on its review of them are limited.

■    We do not agree that the appropriate response is to strike petitioner's brief. Rather, it is to hold that petitioner has failed to demonstrate error. We have reviewed LUBA's opinion in the light of the slight guidance that petitioner provides as to where error might be found in it. His second assignment pertains to the adequacy of the evidentiary support for the city's findings. Our review discloses that LUBA correctly understood and applied the substantial evidence test. *Younger v. City of Portland, supra*; *Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988). Petitioner's first assignment raises matters that either are unpreserved, are without facial merit, are rendered immaterial to the decision by LUBA's disposition of the substantial evidence issues or do not provide even the most minimal explication necessary for judicial review.

   Affirmed.

---

[1] We do not imply that the parties' arguments in our review of LUBA cases cannot give appropriate emphasis to errors at the local level which, in turn, reflect on the correctness of LUBA's rulings. Indeed, sometimes the questions are almost inseparable. That was not the case here. By way of example, some of the attacks that petitioner makes on the city's action pertain to issues that became immaterial after LUBA's decision on other issues. In any event, it is always imperative for a petitioner to apprise us of and explain what the asserted error *by LUBA* was.