Argued and submitted November 22, 1995, affirmed February 7, 1996

Craig PETRIE,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent.*

(LUBA 95-094; CA A90367)

911 P2d 346

William C. Cox argued the cause and filed the brief for petitioner.

Jeffrey G. Condit argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of LUBA's memorandum decision, affirming land use decisions of the City of Lake Oswego from which petitioner appealed. We affirm.

LUBA's authority to decide appeals through memorandum decisions was established by the legislature through Oregon Laws 1995, chapter 595, section 5, which is codified as ORS 197.835(16) and provides:

> "[LUBA] may decide cases before it by means of memorandum decisions and shall prepare full opinions only in such cases as it deems proper."

This is the first occasion in which our review of a memorandum decision has been sought.

■ Petitioner makes nine assignments of error. Eight of them are duplicates of the ones that he made to LUBA and that it rejected with little discussion. The city asserts at the outset that petitioner's assignments of error challenge putative errors in the city proceedings rather than errors by LUBA, and that, under *Angel v. City of Portland,* 113 Or App 169, 831 P2d 77 (1992), we should not consider the assignments. Clearly, however, the effect of applying that principle to decisions by LUBA that are rendered in the abbreviated format allowed by ORS 197.835(16) would be to eliminate any meaningful recourse to this court by a party seeking review of a memorandum decision. If LUBA says nothing or close to it, any errors that are ascribed to its decision cannot be independent of the errors ascribed to the local decision, to which the LUBA opinion adds little or nothing, and must necessarily be characterized as failures to reverse the asserted errors in the local proceedings. As such, the assignments of error to us may — and possibly must — take the form of duplications of the assignments to LUBA. Accordingly, we conclude that the *Angel* principle does not apply to memorandum decisions by LUBA. Thus, we find no reviewability problem in this case.

■ Petitioner also contends that LUBA erred in construing the term "memorandum decisions" as used in ORS 197.835(16) as authorizing it to affirm cases without opinion. We first note that LUBA's decision in this case was not made without *any* opinion. It did issue a written opinion, albeit a

very conclusory one. In any event, it is clear from the text and context of ORS 197.835(16) that the addition of this provision was intended to give LUBA similar authority to that possessed by appellate courts to summarily dispose of cases before them. ORS 19.180. The language used in ORS 197.835(16) is essentially the same as that used in ORS 19.180 to describe the courts' authority.[1]

We have construed the terms of ORS 19.180 to allow cases before the appellate courts to be decided without opinion. *State v. Herried, Gray & Clagget*, 3 Or App 462, 474 P2d 358, *rev den* (1970). There is nothing in the text or context of ORS 197.835(16) that indicates that a different meaning of those terms was intended by the legislature. Accordingly, under ORS 197.835(16), LUBA has the authority to decide cases without opinion.[2]

We do not hold that ORS 197.835(16) displaces *all* requirements of articulation by LUBA and leaves it with blanket authority to decide cases without explanation in all instances. There may be situations, for example, where other consistent statutes require an articulated explanation for the decision of particular issues. *See, e.g.*, ORS 197.732(6)(c). There may also be cases where the absence of explanation impedes our ability to review to such an extent that a remand for LUBA to provide the missing explanation is necessary.[3] However, it is not necessary in this case for us to

---

[1] ORS 19.180 provides:

"The Supreme Court or the Court of Appeals may decide cases before it by means of memorandum decisions and shall prepare full opinions only in such cases as it deems proper."

[2] Our conclusion that LUBA has been given this authority creates some incongruities in the review process. LUBA was created to provide review of land use decisions by a body specializing in land use matters. Review of LUBA's decisions by the appellate courts is limited. Our responsibility under ORS 197.850(9) is to review LUBA's order to determine if it is unlawful in substance or procedure, unconstitutional or not supported by evidence in the whole record. However, as discussed in the text above, when LUBA issues a memorandum decision, it becomes necessary for us essentially to perform the role that was intended for LUBA in order to allow the parties a meaningful review of the local decision.

Our conclusion does not imply that LUBA may not use formats for memorandum decisions *other* than the affirm without opinion model. Indeed, it used a different format in this case.

[3] If a party seeks review of a LUBA decision, we have no discretion over whether to accept review.

explore all the possible ramifications of and limits on ORS 197.835(16) in connection with LUBA's decisions and our review of them. Petitioner provides no specific basis here for reversal or a remand to LUBA.

Petitioner also argues that the procedures allowed by ORS 197.835(16) violate Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution. We are not persuaded that the statute or LUBA's interpretation of it violate these constitutional provisions. We have reviewed petitioner's remaining assignments of error and conclude that they are without merit and do not require further discussion.

Affirmed.