Submitted on record and briefs February 7, reversed and remanded
March 19, 1997

## Nyla L. JEBOUSEK,
*Petitioner,*

*v.*

## CITY OF NEWPORT,
*Respondent.*

## (LUBA No. 96-107; CA A95330)

935 P2d 452

Elizabeth A. Fetsch and Minor & Boone, P.C., filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner Jebousek seeks review of LUBA's memorandum opinion, ORS 197.835(16), which affirmed without discussion the city of Newport's decision allowing a lot line adjustment that facilitates planned residential development on the affected property. Petitioner, who lives across the street from the property, makes a number of arguments, one of which requires a remand to LUBA. We write to address only that argument.

Petitioner contends that the slope of the affected property "drops off drastically," and that development on it would pose a landslide risk. She therefore argues that, as part of this decision, the city was required to, but did not, apply Goal 1 of the Natural Features component of the city's comprehensive plan. The goal requires minimization of "damage to the natural resources of the coastal zone that might result from inappropriate development in environmentally hazardous areas." Policy 3 of the goal, which petitioner specifically contends is applicable and was not followed by the city, provides:

> "Where hazardous areas have not been specifically identified but there is a reason to believe that a potential does exist, a site specific investigation by a registered geologist or engineer shall be required prior to development."

Petitioner maintains that she raised the issue of "environmental hazards and site specific investigation" at each level of the city's decision-making process and that the city did not address the issue. We emphasize that this opinion pertains *directly* only to the city's asserted failure to address the issue. We do not suggest anything about the merits of petitioner's substantive position, *except* that it is not outside the range that the city *could* have found meritorious had it considered it or should it do so later as a consequence of our remand.

This case is before us on the record and the briefs of petitioner and the city. We have reviewed these documents, including the parties' briefs in the LUBA proceeding. The following appears:

1. Petitioner asserts that she raised the issue and that the city did not address it. The record supports her assertion on both points, although the way in which she raised the issue barely sufficed—but nevertheless did—to alert the city decision makers to it.

2. There is evidence in the city record that *could* substantiate petitioner's position that the goal and policy are applicable to the development of the property.

3. Although the lot line adjustment does not in itself authorize development, petitioner argues that no further *appealable* city decisions are necessary before developmental permits can issue. Nothing before us shows that argument to be *in*correct. We cannot know whether it is in fact correct, because the full panoply of the city's land use legislation is not before us, nor has any argument or authority been advanced to indicate that petitioner's premise is erroneous.[1]

We noted in *Testa v. Clackamas County*, 139 Or App 13, 911 P2d 348, *rev den* 324 Or 78 (1996), that, in the context of our review of LUBA memorandum opinions, as in others,

"it is the job of the appealing party to demonstrate error. However, that rule may have to be applied flexibly in our review of memorandum decisions, because the form of the decision might sometimes affect the party's ability to make the necessary demonstration." *Id*. at 15.

We also indicated in *Testa* that a respondent in a review to this court might well serve its own interests and ours by adding explanation as well as defense to the LUBA memorandum decision under which it has prevailed. *Id*. The city's responding brief here does not accomplish that purpose.

In *Petrie v. City of Lake Oswego*, 139 Or App 8, 11, 911 P2d 346 (1996), we also noted, in connection with our review of memorandum decisions made pursuant to ORS 197.835(16):

---

[1] The absence of that information, if any exists, cannot be attributed to petitioner. Her position is, in effect, that nothing does exist to show that her premise is wrong.

"There may also be cases where the absence of explanation [by LUBA] impedes our ability to review to such an extent that a remand for LUBA to provide the missing explanation is necessary."[2]

■ Although we have reviewed a number of memorandum opinions by LUBA since our decisions in *Testa* and *Petrie*, we have not previously found it necessary to invoke the remand option described in *Petrie*. However, the circumstances here come squarely within the hopefully rare ones that we delineated in *Petrie* and *Testa* where the exercise of that option is appropriate and necessary. Petitioner has demonstrated, to the extent the available record and information enable her to show or us to determine, that as likely as not an error occurred in the city proceedings, *i.e.*, that a potentially colorable issue was presented to the city and was not considered by it. Nothing before us explains why or demonstrates that the error did not occur or, if it did, why it does not warrant a reversal and remand of the city's decision. We do not imply that the absence of error or of the need for reversal *cannot* be readily shown or explained, but any such explanation or demonstration is simply not discernible in anything that has been provided or is available to us.

■ We also do not imply that it is inappropriate for LUBA to use the memorandum opinion format that ORS 197.835(16) authorizes when LUBA considers that approach to be indicated. *See Petrie*, 139 Or App at 11. Indeed, insofar as the cases that have come to us indicate, LUBA has been selective and judicious in its use of the abbreviated approach since the statute authorizing it was enacted in 1995. Nevertheless, it is our function to review LUBA's decisions when a party seeks review. As we have made clear in *Testa* and *Petrie*, our approach to and potential dispositions on review can be affected by the memorandum opinion format. Moreover, given our review function, we cannot *assume* from the fact that LUBA decided a case summarily that its decision is free of error or that the arguments presented to it were devoid of merit. *See Smith v. Douglas County*, 308 Or 191, 196, 777 P2d 1377 (1989).

---

[2] We also observed in a footnote that, unlike the Supreme Court, this court does not have discretion to allow or disallow review. 139 Or App at 11 n 3.

We remand the case to LUBA for such further proceedings as may be indicated under this opinion.[3]

Reversed and remanded.

---

[3] As we have indicated, the case is not in a posture for us to decide without a remand to LUBA, in large part because the information at our disposal is far less than comprehensive. However, another factor that militates in favor of a remand is that we find *possible* bases on which *LUBA might* have affirmed the city's decision, but those bases involve factual variables that we could not properly resolve even if we had the necessary information to do so. For example, we are advised that the lot line adjustment proceeding followed an earlier variance proceeding involving the same property and parties. However, we cannot determine what, if any issues, including the one petitioner now raises, might have been conclusively resolved in the earlier proceeding. Possibly, neither can LUBA. Our disposition of course leaves LUBA with the option of a remand to the city for any further factfinding or other action that may be necessary.