Argued and submitted July 6, reversed and remanded August 5, 1998

Nyla L. JEBOUSEK,
*Petitioner,*

*v.*

CITY OF NEWPORT,
*Respondent.*

(97-182; CA A101951)

963 P2d 116

Nyla L. Jebousek argued the cause and filed the brief *pro se* for petitioner.

Elizabeth A. Fetsch argued the cause for respondent. With her on the brief was Minor & Boone, P.C.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Petitioner seeks review of LUBA's decision affirming a lot line adjustment that the City of Newport allowed to facilitate the development of a planned residence on property near petitioner's. This matter was before us previously in *Jebousek v. City of Newport*, 147 Or App 100, 935 P2d 452 (1997), where we remanded for further consideration of the effect, if any, of Goal 1, policy 3, of the Natural Features Component of the city's comprehensive plan (policy 3) on the permissibility of development on the sloped property. Policy 3 provides:

"Where hazardous areas have not been specifically identified but there is a reason to believe that a potential does exist, a site specific investigation by a registered geologist or engineer shall be required prior to development."

On remand, the city governing body interpreted policy 3 and concluded that it and the other policies in Goal 1 are simply "policy standards" and do not constitute approval criteria. The city also made certain alternative determinations, including that there is no reason to believe that potential hazards, like the landslides petitioner fears, exist on the affected property. Petitioner appealed to LUBA, which affirmed the city's interpretation of policy 3. Having done so, it found it unnecessary to resolve the merits of petitioner's arguments directed against the city's alternative grounds for not applying the policy.

Petitioner argues to us that the city and LUBA erred in a number of respects. Her principal contention is that the city's interpretation that policy 3 is precatory only and is not an approval standard was erroneous. We agree. The provision is not subject to any reasonable reading except that it requires a particular action under particular circumstances as a condition of approving particular applications. The city's interpretation is "clearly wrong." *Goose Hollow Foothills League v. City of Portland*, 117 Or App 211, 843 P2d 992 (1992).

It follows that a remand to LUBA is necessary to decide petitioner's assignments of error that, given its disposition of the interpretive question, it did not decide on their

merits. One of those assignments is directed against the city's alternative finding that there is no basis for belief that potential hazards are present, which petitioner challenges as being unsupported by substantial evidence in the whole record. It is necessary for us to make two points in connection with that assignment. First, we emphasize that the question under policy 3 is whether *there is reason to believe* that a potential does exist, not whether there is *in fact* a hazard or a potential hazard.

The second point relates to whether certain evidence is to be considered as part of the whole record. In her earlier appeal to LUBA, petitioner objected to the city's failure to include the proceedings of a related city variance action in the record transmitted to LUBA in the present case. LUBA denied the objection and, in our first review, we found it unnecessary to reach petitioner's assignment concerning that ruling by LUBA. Petitioner renews that assignment now. LUBA explained its bases for rejecting petitioner's objections in some detail. Petitioner's present argument is cast in very general and sweeping terms. However, she does not directly address LUBA's reasoning and does not demonstrate that LUBA erred.

We have considered petitioner's other assignments and arguments and conclude that they either do not warrant discussion or do not require discussion separate from what we have said above.

Reversed and remanded.