Nyla L. JEBOUSEK,
*Petitioner,*

*v.*

CITY OF NEWPORT,
*Respondent.*

(LUBA No. 97-182; CA A106178)

986 P2d 1244

Nyla L. Jebousek, argued the cause and filed the brief *pro se.*

Elizabeth A. Fetsch argued the cause for respondent. With her on the brief was Minor, Bandonis, Connell & Fetsch, P.C.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner seeks review of LUBA's decision affirming an application for a lot line adjustment.[1] Petitioner makes four assignments of error, each of which we have considered and only one of which requires specific discussion.

Goal 1, Policy 3, of the relevant part of the city's comprehensive plan provides:

"Where hazardous areas have not been specifically identified but there is a reason to believe that a potential does exist, a site specific investigation by a registered geologist or engineer shall be required prior to development."

The city governing body made an interpretive finding, culminating in its conclusion that Policy 3 did not have to "be dealt with at this time as part of a lot line adjustment but, rather, [would apply] as part of a specific evaluation of a proposed improvement to be made."

LUBA rejected petitioner's challenge to the city's interpretation of Policy 3, holding that the interpretation was not reversible under the deferential review standard of ORS 197.829(1) and *Clark v. Jackson County,* 313 Or 508, 836 P2d 710 (1992). LUBA explained:

"Essentially, the city finds that Policy 3 is not applicable in the present context involving a lot-line adjustment, because that lot-line adjustment does not constitute 'development' within the meaning of that provision. Rather, the city finds that, if Policy 3 applies, it applies when specific development is proposed for city approval."

LUBA further noted:

"Petitioner appears to understand the city as finding that a site-specific investigation will not be required until development has already been *approved* and construction has commenced. If that were the city's interpretation, we might agree with petitioner that the city has misconstrued Goal 1, Policy 3. However, even if some of the language in the [city's] finding could be read to support petitioner's

---

[1] This matter has been before us twice previously. *Jebousek v. City of Newport,* 147 Or App 100, 935 P2d 452 (1997); *Jebousek v. City of Newport,* 155 Or App 365, 963 P2d 116 (1998).

characterization of the city's interpretation, the finding taken as a whole indicates that the city considers that Policy 3 will apply, if it applies, at the stage where the city is considering 'the method of construction, drainage, foundation requirements, location, setback and other matters of a similar nature.' As the city points out, that stage occurs under the city's ordinances when the city is evaluating a specific development proposal, typically a building permit, and prior to approval of that development." (Emphasis in original.)

Petitioner now argues to us that LUBA erred in rejecting her challenge to the city's interpretation of Policy 3. We agree with LUBA's understanding of the substance of the city's interpretation and with LUBA's conclusion that, *as so understood*, the interpretation is not reversible under *Clark*.

Affirmed.