No. 364 May 30, 2024 807

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Michael MEYER,
*Petitioner,*

*v.*

CITY OF KING CITY,
*Respondent.*

Land Use Board of Appeals
2023059
A183674

Argued and submitted April 30, 2024.

Kenneth Dobson argued the cause and filed the brief for petitioner.

Peter O. Watts argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner challenges LUBA's decision affirming respondent City of King City's adoption of two ordinances implementing the Kingston Terrace Master Plan. Specifically, petitioner takes issue with the approval of a "collector road" across a conservation easement. Petitioner first contends that respondent failed to comply with a Metro ordinance requiring it to "work with" the easement holder to protect the easement area—"to the maximum extent possible"— because alternate proposals did not require construction in the easement. For largely the same reason, petitioner also argues that LUBA's decision is not supported by substantial evidence. Respondent contends that petitioner has failed to meaningfully develop his arguments and, in any event, that the arguments fail on the merits. We agree with respondent on both points and therefore affirm.

Petitioner assigns error to LUBA's decision but makes no arguments specific to that decision. Instead, petitioner raises the same arguments that he raised before LUBA that challenge the *City's* decision. Identifying error in the City's decision is insufficient on judicial review as our task is to review *LUBA's* decision. ORS 197.850(9)(a). To challenge LUBA's decision, petitioner "must identify specific legal contentions it made to LUBA and how LUBA erred in its review of those specific assertions." *Willamette Oaks, LLC v. City of Eugene*, 248 Or App 212, 220, 273 P3d 219 (2012); *see also Angel v. City of Portland*, 113 Or App 169, 171-72, 831 P2d 77 (1992) (holding that the petitioner failed to demonstrate error where the petitioner's brief was limited to "a description of, and an argument based on, what the city did, rather than what and why LUBA was asked to and did rule about the city's actions").

In any event, we cannot conclude that LUBA's decision is unlawful in substance. ORS 197.850(9)(a). Petitioner contends that Metro Ordinance 18-1427 prohibits the construction of the road. That ordinance acknowledges that the property containing the easement is the "intended location for a key transportation facility" and provides that "King City shall work with the Columbia Land Trust to protect, to the maximum extent possible, the *** property covered by

the conservation easement." Metro Ordinance No. 18-1427 Ex. C, § E(8). LUBA concluded that that language required respondent to work with the easement holder to minimize impacts and further determined that respondent did so. We conclude that LUBA's interpretation of that ordinance was not error. As to the application of that interpretation to these facts, we cannot conclude that there is "no evidence to support the city's finding or the evidence in the case is so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review." *Michaelson/NWDA v. City of Portland*, 296 Or App 248, 260, 437 P3d 1215, *rev den*, 365 Or 556 (2019) (quoting *Gunderson, LLC v. City of Portland*, 243 Or App 612, 636, 259 P3d 1007 (2011), *aff'd*, 352 Or 648, 290 P3d 803 (2012)).

Affirmed.